Marshall, C. J.
 

 Madjorous was indicted and convicted on a charge of manufacturing intoxicating liquors, sentenced to imprisonment in the penitentiary, and, in addition thereto, to pay a fine and the costs of prosecution. Error was prosecuted to the Court of Appeals, which court affirmed the judgment, and error was thereafter prosecuted to this, court. No error is predicated upon any of the proceedings of the trial, but it is claimed that Section 6212-17, General Code (110 Ohio Laws, p. 49), is unconstitutional, as an encroachment of the Legislature upon the judiciary, and that no valid sentence can be pronounced upon a conviction in a liquor case.
 

 
 *428
 
 Section 6212-17 (110 Ohio Laws, p. 49) provides the penalties for violation of the state prohibition laws, and the last paragraph of that section reads as follows:
 

 “No fine or part thereof imposed hereunder shall be remitted nor shall any sentence imposed hereunder be suspended in whole or in part thereof. ’ ’
 

 '' It is the sole claim of plaintiff in error that the power of a trial court to suspend sentence in a criminal prosecution is inherent in the court, and that the Legislature, as a separate branch of the government, has no power to take away such inherent right.
 

 It has been pointed out that in
 
 Weber
 
 v.
 
 State,
 
 58 Ohio St., 616, 51 N. E., 116, 41 L. R. A., 472, this court declared the following syllabus:
 

 “In a criminal case the court has the power to suspend the execution of the sentence, in whole or in part, unless otherwise provided by statute; and has power to set aside such suspension at any time during the term of court at which sentence was passed. Whether such suspension can be set aside at a subsequent term is not decided.”
 

 This syllabus does not use the word “inherent,” but in the
 
 per curiam
 
 opinion of the court in that case we find:
 

 “The power to stay the execution of a sentence, in whole or in part, in a criminal case, is inherent in every court having final jurisdiction in such cases, unless otherwise provided by statute.”
 

 It is apparent that this decision can give no comfort to plaintiff in error, because of the saving clause in both the syllabus and the
 
 per curiam
 
 opinion: “Unless otherwise provided by statute.”
 

 
 *429
 
 It is also pointed ont that in the case of
 
 State
 
 v. Whiting, 83 Ohio St., 447, 94 N. E., 1116, this court overruled exceptions of the prosecuting attorney to the common pleas court of Summit county, and, while it is an unreported case in this court, it is stated in the brief of counsel that a judgment was suspended by the common pleas court of Summit county, and it was clearly stated in the journal entry that the suspension was not under the authority of “An act to provide for probation of persons convicted of felonies and misdemeanors” (99 Ohio Laws, p. 339), but under the claimed inherent authority on the part of courts to suspend sentences. That case not having been reported, and no reasons having been given for the court’s conclusions, we are, of course, not able to determine what was in the mind of this court in rendering that decision.
 

 It is quite certain that there has been a very extended practice prevailing with trial judges in Ohio to place convicted persons upon probation, and there seems to be a general sentiment in the bench and bar that such authority does exist without statutory warrant. We believe, however, that this case is the first one to present a serious issue that such authority is inherent in the court and that such authority is beyond the power of the Legislature to deny. Surely the case of
 
 Weber
 
 v.
 
 State, supra,
 
 conclusively infers, if it does not directly state, that the Legislature does have power over suspensions.
 

 The Supreme Court of the United States in
 
 Ex parte United States,
 
 242 U. S., 27, 37 S. Ct., 72, 61 L. Ed., 129, L. R. A., 1917E, 1178, Ann. Cas.,
 
 *430
 
 1917B, 355, had under consideration a case where the judge of the district court for the northern district of Ohio had pronounced a sentence of imprisonment and then suspended the execution of the sentence during good behavior. Thereupon a suit in mandamus was brought to compel the judge to vacate the order of suspension. The writ was allowed, and Chief Justice White, delivering the opinion of the court, made a searching inquiry into the inherent power of courts in the matter of suspensions of criminal sentences. This decision was rendered in 1916, which was long after the time of the decisions of the
 
 Weber
 
 and
 
 Whiting cases
 
 by this court, and, while the federal Constitution and statutes do not define the procedure governing the trial of criminals for violation of state statutes, it must be admitted that the inherent powers of a state court are in no wise different from the inherent powers of a federal court. Whatever declarations may have been made by this court prior to the time of the decision of the United States Supreme Court in
 
 Ex parte United States, supra,
 
 it is certainly not desirable that this court should seek to maintain a position concerning the inherent powers of the court different from that declared by the Supreme Court of the United States. In the trial of offenses against criminal laws the federal courts have such powers only as exist under the Constitution and the laws of Congress, and the state courts: have such powers only as exist under the state Constitutions and the laws enacted by the state Legislatures. The Constitution of Ohio creates courts of common pleas, but does not define their jurisdiction. That sub
 
 *431
 
 jeot is cared for in Section 4 of Article IV of the Constitution, as follows: “The jurisdiction of the courts of common pleas, and of the judges thereof, shall be fixed by law.” It should require no argument to show that if the jurisdiction can be either conferred or withheld by the Legislature, that jurisdiction can also be limited or controlled by conditions at the will of the legislative power. It seems clear enough that in conferring upon the Legislature the power to fix the jurisdiction of courts of common pleas such power included the further power to establish the practice and procedure, and to make such limitations and impose such conditions upon the jurisdiction as the Legisla,ture might see fit. It is apparent that many mistaken notions have prevailed in the past concerning the so-called inherent powers of courts. All power is inherent in the people, and the courts have such power as has been conferred by the Constitution and statutes. 'Chief Justice White, at page 41 (37 S. Ct, 74) of the case above referred to, has used some very pertinent language:
 

 “Indisputably under our constitutional system the right to try offences against the criminal laws and upon conviction to impose the punishment provided by law is judicial, and it is equally to be conceded that in exerting the powers vested in them on such subject, courts inherently possess ample right to exercise reasonable, that is, judicial, discretion to enable them to wisely exert their authority. But these concessions afford no ground for the contention as to power here made, since it must rest upon the proposition that the power to enforce begets inherently a, discretion to perma
 
 *432
 
 neatly refuse to do so. And the effect of the proposition urged upon the distribution of powers made by the Constitution will become apparent when it is o'bserved that indisputable also is it that the authority to define and fix the punishment for crime is legislative and includes the right in advance to bring within judicial discretion, for the purpose of executing the statute, elements of consideration which would be otherwise beyond the scope of judicial authority, and that the right to relieve from the punishment, fixed by law and ascertained according to the methods by it provided, belongs to the executive department.”
 

 This reasoning applies with conclusive force to the case at bar. Much more appears in the opinion of Chief Justice White to the same effect. In a complete review of the authorities he has not overlooked the case of
 
 Weber
 
 v.
 
 State, supra,
 
 and it is referred to as the declaration of a power existing “because of a practice long prevailing.” It is apparent, however, that no practice, however long continued in the trial of criminal offenses, can have the binding force of law. The Legislature of Ohio has made a limited provision in such matters, which provision will be found in Sections 13706 to 13715, inclusive, General Code. In those sections certain provision is made for placing prisoners upon probation, and certain exceptions are made thereto in the same chapter. Section 6212-17, General Code, is merely an additional exception to the general provisions of Section 13706, General Code. The Legislature has the power to fix the jurisdiction of the trial courts. It has the power to define crimes and misdemeanors. It has the power to provide the procedure, and the un
 
 *433
 
 limited power to fix conditions and limitations npon definitions of crimes and upon provisions for practice and procedure. In short, it has the power to give and the power to take away. It has given power in the matter of probation of prisoners in Section 13706, and it has made exceptions thereto in Sections 13707, 13708, and 6212.-17. ■
 

 It would be unprofitable to discuss the many cases cited in the briefs of counsel, as we think the best authority upon this subject is the very
 
 \
 
 well-considered opinion of Chief Justice "White, in which he reviews and discusses the leading cases ! at length and reaches the conclusion that the | courts do not possess the inherent power to suspend a sentence in a criminal prosecution, except ! to stay the sentence for a time after conviction, j for the purpose of giving an opportunity for a
 
 motion
 
 for a new trial or in arrest of judgment or/ during the pendency of a proceeding in error. The Ohio Legislature having dealt "with the subject, and having made certain provisions and certain exceptions thereto, it will be presumed that the Legislature has exhausted the legislative intent, and that it has not intended the practice to be extended further than the plain import of the statutes already enacted. The well-known maxim,
 
 expressio unius est exelusio alterius,
 
 applies.
 

 We therefore hold that Section 6212-17 is constitutional, and that the sentence pronounced upon Madjorous is valid. The judgment of the lower courts is therefore affirmed.
 

 Judgment affirmed,
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Robinson, J., not participating.