Court of Common Pleas for Lucas County.

IN RE PETITION FOR HABEAS CORPUS FOR ROBERT SHONDELL.

Decided December 11, 1930.

*Edwin J. Lynch,* for Petitioner.

*Martin S. Dodd,* Director of Law of the City of Toledo, and *Dudley F. Smith,* Asst. Director of Law, for Respondent.

STUART, J.

The petition herein alleges that the petitioner is imprisoned and restrained of his liberty by Fred Bradley, Superintendent of the Toledo Work House, under color of a commitment from the Court of Common Pleas of Henry county, Ohio, and alleges that on the 29th day of October, 1929, at the September, 1929, term of said court he entered a plea of guilty to an indictment for assault and battery and was fined two hundred ($200) dollars and committed to the Toledo Work House for a period of six months. Execution of said sentence was suspended on condition that said defendant pay said fine of two hundred ($200) dollars within twenty-four hours and absent himself from the corporate limits of the village of Napoleon, Ohio, for a period of five years from said date; that said suspension was not at the request of the petitioner; that the petitioner paid said fine of two hundred

dollars and was enlarged by said court without bond or other condition; that no criminal proceedings were instituted or contemplated to reverse said judugment; nor has said sentence been suspended to enable such proceedings to be taken; and that thereafter at the April, 1930, term of said court, on the 29th day of July, 1930, said court made an order setting aside the suspension of sentence and ordered the petitioner committed upon the sentence so imposed on the 29th day of October, 1929. The prayer of the petition is that he be discharged from said imprisonment, the petitioner claiming that the Court of Common Pleas of Henry county was without authority to suspend the sentence and that by its action in so doing it, in legal effect, discharged the petitioner. A writ of habeas corpus was issued commanding the said Fred Bradley, Superintendent of the Toledo work house, to appear before this court to show the cause of the taking and detention of the said Robert Shondell, and the director of law of the city of Toledo, the legal adviser of the said superintendent, on his behalf filed a demurrer to said petition and the matter was submitted upon the demurrer.

The petitioner contends that, as decided in *State, ex rel.,* v. *Steinmetz,* Court of Appeals of Fairfield county, June 30, reported in Ohio Law Bulletin and Reporter of August 4, 1930, and supported by the cases cited therein, "After sentence has been pronounced in a criminal case, the court is without authority to suspend its execution indefinitely as a matter of leniency, and such a suspension, in the absence of a permissive statute, deprives the court of jurisdiction to act in the matter at a subsequent date, and in practical effect is a conditional pardon."

It may be said to be established beyond question in this state that, as decided in that case, a trial court is without authority to suspend execution of a sentence indefinitely in the absence of a permissive statute.

To this effect is the holding of the Supreme Court in *Madjorous* v. *State,* 113 Ohio St., 427.

One of the cases cited in support of the decision in the Steinmetz case, is 242 U. S., 27. In that case a rule was made upon Honorable John M. Killits, Judge of the District Court of the United States, Northern District of Ohio,

Western Division, directing that he show cause why a writ of mandamus should not issue requiring him to set aside an order described in the petition which was an order suspending execution of a sentence in a criminal case. This case was decided by the Supreme Court, December 4, 1916, at a term subsequent to that in which the conviction was had and the sentence imposed and suspension thereof entered.

In that case the syllabus reads, *"Held,* that such a suspension—the legal equivalent of an absolute and permanent *refusal to impose any sentence* under the statute— was beyond the power of the court."

The court in its opinion said, "The conclusions just stated inevitably exact that the rule which is. before us be made absolute and that the mandamus issue." And the trial court was required to set aside the order of suspension.

The difference between the effect of the decision in that case and in the Steinmetz case is significant. The Supreme Court, in denying the claimed judicial power of a trial court to suspend the execution of its sentence, did not reach the astounding conclusion that in suspending sentence the court, in practical effect granted a conditional pardon, thus exercising the power of executive clemency, a power which no court ever claimed to possess. The offender in that case was not discharged but the trial court was directed to execute the legal sentence which had been pronounced upon him.

It seems to me that the discharge of the prisoner under the holding in the Steinmetz case affects an unnecessary exculpation of a person who has violated the laws of the state, judicially acknowledged in open court that he had done so, and who was properly sentenced under the statute for such violation. It appears to me that we lose sight of the purpose of the prosecution out of which this case originated *which was to punish an offender for a violation of the law.* The only effect of the unlawful suspension of the petitioner's sentence, made without objection on his part, was to make indefinite the time at which the execution of the sentence should begin. He, as well as everyone else, was conclusively presumed to know that the court

had no authority to enter this order in his favor.

If he had any objection to the date of the commencement of the execution of his sentence being postponed, with the probability that he might be called upon at some uncertain future date to serve it, he should have said so, and by his failure so to do he must be held to have waived the objection. Had error proceedings been predicated upon the order to suspend, no doubt a reviewing court would have held that the trial court was without authority to make the order, but would *have remanded the case for execution of the sentence* rather than have attempted by judicial action to entirely relieve the defendant from expiating his crime.

In *State, ex rel.,* v. *Baer,* 103 Ohio St., 585, our Supreme Court holds, "Agreements, waivers and stipulations made by persons accused of crimes, or by their counsel in their presence, during the course of a trial for crime, are, after the termination of the trial, as binding and enforceable upon such persons as like agreements, waivers and stipulations are upon parties to civil actions," and on page 612 uses this significant language: "The trend of modern practice and procedure is away from those technicalities and fictions which characterizes the earlier practice, and we think it would be a distinct retrogression to sustain the plea of the plaintiff in this case * * * the plaintiff *is estopped* by his waiver and consent from invoking the aid of the court by means of the *extraordinary writ* of mandamus."

An acquittal and discharge of the convict should not and does not logically follow the denial of the power of the trial court to suspend his sentence.

The order of suspension being a nullity, the legal sentence of the court remains—unexecuted.

Certainly the guilty offender should not be permitted to escape the penalty which the law imposed upon him for his criminal act merely because a court, in his interest and for his benefit and without objection, made an order which it was without authority to make.

The demurrer to the petition is sustained and the petitioner remanded to the custody of the respondent for execution of his sentence.