The STATE of Ohio, Appellee,

v.

GRAHAM, Appellant.

[Cite as *State v. Graham* (1997), 119 Ohio App.3d 208.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006446.

Decided April 16, 1997.

*Gregory A. White*, Lorain County Prosecuting Attorney, for appellee.

*Kenneth M. Lieux*, for appellant.

---

SLABY, Judge.

Appellant, Joseph Graham, appeals from the sentence of the Lorain County Court of Common Pleas requiring him to pay the costs of his confinement in a state prison. We reverse.

Appellant pled guilty to violating R.C. 2907.02(A)(2), an aggravated felony in the first degree. Prior to accepting the plea, the trial court apprised him of his maximum possible penalty, explaining the prison term and fine as delineated by statute. Appellant was then sentenced on April 15, 1996 to a period of incarceration and assessed a fine within the statutory parameters. Pursuant to statute, he was also required to pay the costs of his prosecution. In addition to imposing a prison term and exacting a fine, along with the mandatory court costs, however, the trial court ordered appellant to reimburse the state for the costs of his penal incarceration.

It is from this final penalty decreed as part of his sentence that appellant brings this appeal. Specifically, appellant challenges the trial court's levy concerning the costs of his confinement in a state correctional institution on statutory and constitutional grounds. Because we agree with appellant's statutory argument, we need not reach the constitutional claim.

Subject to constitutional constraints, the authority to fix punishment for crimes is vested exclusively in the legislature. See 28 Ohio Jurisprudence 3d (1993) 751, Criminal Law, Section 2816. See, also, Section 1, Article II, Ohio Constitution; R.C. 2901.03. The General Assembly has exercised its legislative power in prescribing penalties for crimes in R.C. Chapter 2929. R.C. Chapter 2929 declares the range of possible penalties as well as the guidelines for choosing the penalty to be imposed. In fact, R.C. Chapter 2929, together with R.C. Chapters 2947 and 2949, sets forth a comprehensive framework for the entire sentencing process, including an explication of a trial court's jurisdiction. See *State v. Smith* (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, 200–201; *Madjorous v. State* (1925), 113 Ohio St. 427, 149 N.E. 393. See, also, Section 4(B), Article IV, Ohio

Constitution. Further, in interpreting the provisions of the Revised Code defining penalties and other costs, the legislature has directed that they "shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04.

R.C. 2929.11(A) enumerates three categories of penalties for a convicted felon:

"Whoever * * * pleads guilty to a felony other than aggravated murder or murder * * * shall be imprisoned for an indefinite term and, in addition, may be fined or required to pay restitution, or both."

This section additionally mandates the maximum term of imprisonment and empowers the court to fix the minimum term from among four choices provided in the statute. See, generally, R.C. 2929.11. Detailed determinants are given to aid the trial court in evaluating these choices. See R.C. 2929.12. Division (C) of R.C. 2929.11 places a statutory cap on fines that the trial court may not exceed for each degree of felony. In determining whether to impose a fine for a felony and the amount and method of payment of a fine, the court is also directed to consider certain criteria. See R.C. 2929.14. R.C. 2929.11(E), likewise, designates distinct considerations for a trial court to utilize in exercising its discretion, explicitly granted by the legislature, in ordering restitution.

Various other financial sanctions may be charged to an accused for a felony violation. See, e.g., R.C. 2929.25; R.C. 2929.28. Moreover, R.C. 2947.23 commands that "[i]n all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." While one of the statutory provisions pertaining to penalties and sentencing, R.C. 2929.15, does address a court's power to punish by compelling reimbursement for the costs of incarceration, it is limited to the costs of confinement in local jails and correctional centers as specified by the local authorities and does not concern convicts in state institutions.

The state acknowledges that this latter section does not apply to appellant's case, and in fact, concedes the inapplicability of all of the other statutory sentencing sections. Nevertheless, the state insists that the trial court had the power to decide, "in the interests of justice," that appellant should be responsible for his costs of incarceration. In light of the plenary legislative power to punish, the complex and complete penalty structure, and the requisite rules of interpretation, we cannot agree that the trial court has any inherent authority to fashion its own punishment in a criminal case under these circumstances. The court may order such punishment only as authorized by statute. The statutory sentencing scheme applicable in the case sub judice clearly does not provide such authoriza-

tion.[1] Accord *State v. Henson* (1989), 27 Ohio App.3d 275, 27 OBR 319, 500 N.E.2d 899.

We recognize that the punishment of crime "is indispensable to the safety of the community and the preservation of peace and order." 28 Ohio Jurisprudence 3d (1993) 165, Criminal Law, Section 2083. See, also, *Dobbins v. State* (1863), 14 Ohio St. 493. Yet, it bears repeating that the type and severity of the punishment for a certain kind of offense is originally a question for the lawmaking authority. Indeed, it "is not only the right of the state, but also one of its most solemn and responsible duties." *Id.* at 501. The legislature has assumed this duty in the foregoing chapters of R.C. Title 29. There is absolutely nothing in these statutes that establish the repayment of the costs of confinement in appellant's situation. Therefore, in the absence of any applicable authority to support the trial court's order charging appellant with the costs of his imprisonment in a state correctional institution, we must vacate that portion of his sentence. See App.R. 12(A)(1)(a).

*So ordered.*

DICKINSON, P.J., and REECE, J., concur.

---

1. The recently enacted and amended statutory sentencing scheme, effective July and October of 1996 does, in fact, confer upon the trial court the discretion to impose a penalty for the costs of confinement upon prisoners in state institutions. See R.C. 2929.18(A), (C), and (D). Cf. R.C. 2929.223. See, also, R.C. 1.58(A)(3).