DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the June 18, 2003 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Rodney Cash, following his conviction of theft, a violation of R.C. 2913.02; two counts of felonious assault on a peace officer, a violation of R.C.2903.11(A)(2); failure to comply with an order or signal of a police officer, a violation of R.C. 2921.331(B) and (C)(5)(a)(ii). Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal:
1. "Defendant-Appellant's Convictions Are Against the Manifest Weight of the Evidence."
2. "There is Insufficient Evidence to Support Defendant-appellant's Convictions, Thereby Denying Him of His Right to Due Process of Law."
3. "The Trial Court Erred When it Found the Defendant-appellant Had the Ability to Ordered [sic] the Defendant-appellant to Pay the Cost of Prosecution, Supervision, Incarceration, Costs, and Attorney Fees."
 {¶ 2} In his first assignment of error, appellant argues that his convictions were contrary to the manifest weight of the evidence. Appellant admits the theft conviction, but argues that there was no evidence that he intended to harm the police officers.
 {¶ 3} The following evidence was presented at trial. Two store detectives for Meijer Department Store testified that on February 18, 2003, they observed appellant conceal several cartons of cigarettes in his coat and eat a cup of food he had taken from the salad bar before leaving the store. The store detectives approached appellant after he left the store. They identified themselves and asked appellant to return to the store with them. Appellant denied having done anything, refused to go back into the store, entered his vehicle parked in the fire lane under the entryway canopy, said some obscenities, and then put the car in reverse. One of the store detectives believed that appellant was going to strike her with his car. He knew that appellant had seen their relative positions to the car because appellant glanced back at them as he entered his vehicle. The other store detective pulled his co-worker out of the path of the car. After he pulled her out of the way, the car stopped suddenly a few feet away from the detective. Appellant shifted into forward gear and drove away.
 {¶ 4} A city of Sylvania police officer testified that he attempted to stop appellant's vehicle after appellant had left the store parking lot, but that appellant would not pull over. Several other officers joined in the chase. They testified that they observed appellant speeding, driving erratically, ignoring a stop sign, swerving into oncoming traffic, swerving into several police vehicles to the extent that they had to take evasive action to avoid a collision, and causing other drivers to stop alongside the road to avoid an accident. One of the officers eventually passed appellant and forced him to stop.
 {¶ 5} To determine if the verdict was contrary to the manifest weight of the evidence, we must consider whether the greater amount of credible evidence was admitted to support the conviction than not. State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 387, reconsideration denied (1997), 79 Ohio St.3d 1451, and State v. Smith (1997), 80 Ohio St. 3d 89,114, certiorari denied (1998), 523 U.S. 1125. However, a new trial is warranted only in an exceptional case where the evidence weighs heavily against conviction. Thompkins, supra.
 {¶ 6} Appellant only challenges his conviction of two counts of felonious assault. R.C. 2903.11(A)(2), provides that: "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." Pursuant to R.C.2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C.2901.01(A)(3) defines "physical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Appellant does not dispute that a car can be used as a deadly weapon or dangerous ordnance. State v. Carney (Dec. 14, 2000), 10th Dist. App. No. 00AP-502, at 6.
 {¶ 7} Upon a review of the evidence in this case, we find that there was evidence that all of the officers believed that appellant was attempting to hit their vehicles in order to escape. Furthermore, they testified that they believed they avoided a collision solely because they took evasive action. The only evidence in support of appellant's theory is the inference that because he did not hit the police vehicles, he was only driving erratically rather than trying to hit them. However, the jury could draw numerous inferences from the fact that appellant did not hit the officers. Therefore, we find that the evidentiary weight of the inference proposed by appellant is outweighed by the perceptions of the officers involved in the chase. Appellant's convictions on these two counts were not contrary to the manifest weight of the evidence. Appellant's first assignment of error is not well-taken.
 {¶ 8} In his second assignment of error, appellant also contends that there was insufficient evidence to support his convictions of these two counts.
 {¶ 9} The standard for determining whether there is sufficient evidence to support a conviction is whether the evidence admitted at trial, "if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; and State v. Thompkins, supra at 386. Therefore, we must uphold the verdict unless we find that reasonable minds could not reach the conclusion reached by the trier of fact.
 {¶ 10} Again, appellant's argument centers upon the fact that he did not actually cause any harm to the officers. We find that the testimony of the officers was sufficient to establish that he intended to harm them.
 {¶ 11} Furthermore, appellant argues that there was insufficient evidence to support his conviction for failing to comply with the signal of a police officer. Again, there was evidence of an officer that appellant did not pull over at any time from the point when the first officer activated his patrol lights until he was being chased by several police vehicles. Appellant did not stop until forced to do so by the officers.
 {¶ 12} Upon a review of the evidence, we find that there was sufficient, credible evidence to support appellant's convictions on the charges of felonious assault and failure to comply with the signal of a police officer. Appellant's second assignment of error is not well-taken.
 {¶ 13} In his third assignment of error, appellant argues that the trial court erred as a matter of law when it found that he had the ability to pay the cost of supervision, confinement, assigned counsel, and prosecution when it also found him to be indigent and appointed counsel to represent him on appeal.
 {¶ 14} The rules governing the imposition of costs, fees, and sanctions are not uniform; various sections of the Ohio Revised Code govern each type of charge. For this reason, we must address each item individually.
 {¶ 15} The authority of the court to impose the costs of supervision fees is controlled in this case by R.C. 2951.021(B), effective July 1, 1996, (which was revised effective January 1, 2004, with some minor changes, and was renumbered R.C. 2951.021(A)). That section provides that if the court "* * * places a felony offender under a community control sanction * * *" and "* * * under the control and supervision of a probation agency, the court may require the offender, as a condition of probation or of community control, to pay a monthly supervision fee of not more than fifty dollars for supervision services." This sanction does not apply to appellant as he was not placed under a community control sanction. Therefore, the court should not have referenced supervision costs in its order. However, since that state will not incur supervisory fees in this case, the trial court's error was not prejudicial to appellant.
 {¶ 16} Pursuant to R.C. 2947.23(A)(1), the trial court had the authority to assess the costs of prosecution against appellant irrespective of whether he was indigent. State v. White (2004),103 Ohio St.3d 580, 582, 2004-Ohio-5989, at ¶ 8.
 {¶ 17} With regard to the costs of appellant's confinement in a state facility, R.C. 2929.18(C)(1), effective September 6, 2002, gives the trial court the authority to compel reimbursement for the costs of incarceration in state institutions. See State v. Graham (1997),119 Ohio App. 3d 208, 695 N.E.2d 5, footnote 1 (interpreting R.C.2929.18(A), (C), and (D)),[1] and State v. Holmes, 6th Dist. No. L-01-1459, 2002-Ohio-6185. Before imposing the financial sanction, the court is required to "* * * consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6). See, also, R.C. 2929.18(A)(4)(a)(ii).
 {¶ 18} R.C. 2941.51(D) also authorizes the court to assess the costs of appointed attorney fees against appellant. The court must consider if the offender: * * * has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county in an amount that the person reasonable can be expected to pay."
 {¶ 19} Upon a review of the sentencing hearing, we find that the trial court clearly considered the appellant's future ability to pay these sanctions in this case. At the hearing, the trial court referenced the pre-sentence investigation report, which describes the appellant's employment history, health conditions, and living arrangements. The report also explicitly states that appellant was "found to have, or reasonably may be expected to have, the means to pay all or some part of the costs assessed in this case." Therefore, there was evidence in the record to support the trial court's finding in its sentencing judgment that appellant is "found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law." Despite the fact that court appointed counsel to represent appellant in this case because of his present indigency, the court was not prohibited from finding that appellant could reasonably have the means in the future to reimburse the state for the costs related to his prosecution and confinement. Therefore, we find that the trial court did not err in assessing appellant for the costs of his confinement and for the costs of assigned counsel. Appellant's third assignment of error is not well-taken.
 {¶ 20} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.
[1] These sections were in effect at the time the crimes were committed. The statute was revised, with minor changes, effective January 1, 2004 and June 1, 2004.