OPINION
{¶ 1} Defendant-appellant, Terry Shepherd (hereinafter "Shepherd"), appeals the March 4, 2005 judgment of the Common Pleas Court of Wyandot County, Ohio, ordering him to reimburse the Wyandot County Sheriff for $10,120.30 in medical expenses stemming from Shepherd's self-inflicted injuries while being held in the Wyandot County Jail.
 {¶ 2} This case presents us with the question of whether a trial court can impose, as a financial sanction upon one convicted of a felony and sentenced under R.C. 2929.14 or 2929.16 to prison, necessary medical costs incurred while confined in a county jail after conviction but before sentencing.
 {¶ 3} On May 19, 2004, Shepherd was indicted by a Wyandot County Grand Jury for possession of less than one gram of cocaine, a violation of R.C. 2925.11 and a felony of the fifth degree. Shepherd was released on an own recognizance bond following the arraignment and prior to trial. Shepherd, however, failed to appear at two scheduled hearings and was subsequently arrested.
 {¶ 4} On January 18, 2005, Shepherd changed his plea to the original indictment from one of "not guilty" to "guilty." The trial court revoked Shepherd's personal recognizance bond, and he was remanded to the custody of the Wyandot County Sheriff pending completion of pre-sentence investigation and sentencing. While incarcerated in the Wyandot County Jail, Shepherd attempted suicide by cutting his arm with a piece of blade from a safety razor. He required emergency medical treatment for the consequent loss of blood. Incident to Shepherd's attempted suicide, the Wyandot County Sheriff incurred medical expenses in the amount of $10,120.30.
 {¶ 5} On March 4, 2005, the trial court sentenced Shepherd to eleven months incarceration in the Ohio Department of Correction and Rehabilitation, and granted Shepherd credit for fifty-eight days served in the Wyandot County Jail. In addition, the trial court found a financial sanction to be appropriate because Shepherd was employable, educated, without physical limitations, and had previously been employed. The trial court ordered, pursuant to R.C. 2929.18(A)(5)(a)(ii), that Shepherd reimburse the Wyandot County Sheriff the sum of $10,120.30 as a financial sanction, which represented the medical expenses portion of the costs of Shepherd's confinement.
 {¶ 6} It is from this decision that Shepherd appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred in charging the defendant, as part of thesantions [sic] imposed at sentencing, the costs for the medical billsincurred by the defendant and paid by the sheriff while the defendant wasincarcerated during the pendency of his case.
 {¶ 7} Shepherd asserts that the trial court did not have the authority to impose a financial sanction, pursuant to R.C. 2929.18, in the form of a reimbursement for medical expenses and that the trial court erred doing so. In response, however, the State of Ohio contends that the trial court, pursuant to R.C. 2929.18(A)(5)(a)(ii), was within its authority to treat Shepherd's medical expenses as "costs of confinement," and to order reimbursement as a financial sanction. For the reasons that follow, we find Shepherd's assignment of error to be well-taken.
 {¶ 8} A "sanction" is "any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense" and "includes any sanction imposed pursuant to any provision of sections 2929.14 to 2929.18 or 2929.24 to 2929.28 of the Revised Code." R.C. 2929.01(EE), emphasis added. In imposing a sentence on a felony offender, R.C. 2929.18(A) permits the sentencing court to sentence the offender "to any financial sanction or combination of financial sanctions" authorized by law.
 {¶ 9} Among the sanctions authorized by R.C. 2929.18(A) is "reimbursement by the offender of any or all of the costs of sanctions incurred by the government * * *." R.C. 2929.18(A)(5)(a)(ii) provides that the sentencing court may order an offender to pay reimbursement for the following:
All or part of the costs of confinement under a sanction imposedpursuant to section 2929.14 or 2929.16 of the Revised Code, provided thatthe amount of reimbursement ordered under this division shall not exceedthe total amount of reimbursement the offender is able to pay asdetermined at a hearing and shall not exceed the actual cost of theconfinement. Emphasis added.
 {¶ 10} In sum, "[R.C. 2929.18(A)(5)(a)] merely provides that a trial court may order a criminal defendant to reimburse the government for costs it may incur in implementing sanctions upon the offender, e.g., the costs of implementing community control sanctions or the costs associated with confining or incarcerating an offender." State v. Christy, 3d Dist., No. 16-04-04, 2004-Ohio-6963, at ¶ 20, emphasis added.
 {¶ 11} In the case sub judice, the trial court revoked Shepherd's personal recognizance bond and remanded him to the custody of the Wyandot County Sheriff. Shepherd was to be held in the Wyandot County Jail until the completion of a pre-sentence investigation and until the sentencing hearing. Notably, Shepherd's self-inflicted injuries occurred after the revocation of his bond and placement in the Wyandot County Jail but before his sentencing hearing.
 {¶ 12} Neither the revocation of Shepherd's bond nor his incarceration prior to sentencing constitute a "sanction" as defined under R.C.2929.01(EE) or 2929.18(A)(5)(a)(ii). Therefore, even assuming the medical expenses associated with Shepherd's attempted suicide are "costs of confinement" within the meaning of R.C. 2929.18(A)(5)(a)(ii), the Wyandot County Sheriff incurred the medical expenses at issue before the "sanction" was imposed on Shepherd.[1] Accordingly, the costs associated with Shepherd's attempted suicide were not incurred while "under a sanction imposed pursuant to section 2929.14 or 2929.16 of the Revised Code." R.C. 2929.18(A)(5)(a)(ii) does not, therefore, provide the trial court with authority to require the questioned reimbursement herein. The fact that the trial court credited the fifty-eight days Shepherd spent in the Wyandot County Jail toward his eleven month sentence in the Ohio Department of Rehabilitation and Correction does not alter this result. Nor was there inherent authority for the trial court to order Shepherd to reimburse the Wyandot County Sheriff for the medical expenses incurred prior to a sanction being imposed. See State v. Graham
(1997), 119 Ohio App.3d 208, 210-11, 695 N.E.2d 5 (rejecting theory that trial court maintained "inherent authority" to order defendant to reimburse state for costs of penal incarceration in state institution absent statutory authorization).
 {¶ 13} We are not unmindful that costs of emergency medical care for a prisoner held in a county jail can inflict unwelcome financial drain and distress on a county budget. However, this court has no authority to read provisions into the governing legislative enactments, by judicial interpretation, which do not otherwise exist there.
 {¶ 14} Consequently, we hold that Shepherd was not under a sanction, as that term is defined by statute, when the medical costs were incurred by the county government, and the trial court was without authority to order the reimbursement of those costs by Shepherd to the county as part of the subsequent sentence it imposed.
 {¶ 15} Appellant's single assignment of error is sustained. Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court as to the order of reimbursement. The matter is remanded for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Shaw and Bryant, J.J., concur.
[1] R.C. 2929.18(A)(5)(a)(ii), which addresses financial sanctions associated with felony offenses, does not specifically define or provide examples of "costs of confinement." However, R.C. 2929.28(A)(3)(a)(ii), which addresses financial sanctions associated with misdemeanor
offenses, specifically includes costs of "medical and dental treatment" as "costs of confinement." Other sections of the Revised Code are in accord with R.C. 2929.28(A)(3)(a)(ii). See R.C. 2152.20(A)(4)(b) and R.C. 2929.37(A). We need not, however, resolve these inconsistencies given the timing of Shepherd's self-inflicted injuries.