OPINION
On October 19, 1994, the trial court convicted appellant of a first degree felony after he entered a no contest plea to one count of aggravated trafficking with a prior drug abuse specification in violation of R.C. 2925.03(A)(7). In exchange, appellee agreed to dismiss a charge under R.C. 2925.11 of drug abuse with a prior drug abuse specification. Appellant signed a written plea form which informed him he was ineligible for probation. It also described the maximum penalty he could receive: "4, 5, 6, 7, to 25 [years]; 7 year actual." On November 11, 1994, the trial court sentenced appellant to serve a term of seven to twenty-five years of incarceration, with an actual sentence of seven years.
Subsequently, trial counsel and new appellate counsel appealed the trial court's denial of a motion to suppress evidence seized when police stopped his car. This court affirmed his conviction and sentence. State v. Braxton (July 21, 1995), Lucas App. No. L-94-355, unreported. Although no transcript of the plea or sentence hearings were included, a transcript of the hearing on the suppression motion was made part of the record on appeal.
With the benefit of counsel, appellant filed his postconviction petition to vacate or set aside sentence on September 20, 1996. Appellant argued that because the court did not expressly advise him that his offense was nonprobationable or that he could request conditional probation, his plea was not voluntary and violated Crim.R. 11. Appellant also argued that his trial attorney provided ineffective assistance of counsel because he did not tell appellant about conditional probation or request conditional probation on appellant's behalf. Appellant later filed a pro se supplement arguing that his trial counsel was ineffective by not filing a motion to suppress evidence obtained pursuant to a search warrant.
The trial court found no substantive grounds for relief and denied the petition on January 6, 1998 without conducting an evidentiary hearing. The trial court concluded that the doctrine of res judicata was a proper ground to dismiss the postconviction relief petition and that appellant was not eligible for conditional probation because the actual term of imprisonment imposed made his offense nonprobationable. On appeal from that decision, appellant argues that the trial court should not have dismissed his petition without a hearing to determine whether his plea was voluntary and whether he received effective assistance of counsel.
No transcript of the plea or sentencing proceedings was included in the record considered by the trial court or provided to this court for appeal. We denied appellant's motion to supplement the record on the authority of State v. Ishmail (1978),54 Ohio St.2d 402 at paragraph two of the syllabus (where a trial court does not consider a transcript of proceedings of the hearing where guilty pleas were entered, an appellate court cannot supplement the record before it with the transcript and decide the appeal based on matters disclosed by the transcript). Although a trial court is required to consider the transcript of proceedings in evaluating a petition for postconviction relief under R.C.2953.21(C), it is not necessary to remand this matter to the trial court for review of the transcript. Contra State v. Locke (May 24, 1996), Lucas App. No. L-95-305, unreported; State v. Diviak
(May 8, 1998), Montgomery App. No. 97 CA 111, unreported. Here, appellant's claims are facially barred by res judicata and by appellant's failure to support his petition with sufficient evidence, making review of the transcript unnecessary. See Statev. Broom (May 7, 1998), Cuyahoga App. No. 72581, unreported; Statev. McGuire (Apr. 20, 1998), Preble App. No. CA97-06-015, unreported.
In his first assignment of error, appellant contends that his plea was involuntary because the trial court did not explain that a sentence of actual incarceration of seven years, which is required for a felony drug trafficking conviction under R.C. 2925.03(A)(7) and (C)(7)(c), would make him ineligible for probation or conditional probation. Appellant also suggests that because the trial court referred him for a presentence investigation report, he assumed he was eligible for probation. The trial court determined that appellant was not entitled to a hearing on his motion to vacate sentence because R.C. 2951.04, the conditional probation statute, expressly excludes persons who are not eligible for conditional probation where their sentences include a term of actual incarceration.
A trial court's failure to personally inform a defendant at the time of the plea that he would be ineligible for probation may signify the trial court did not substantially comply with Crim.R. 11(C)(2). State v. Nero (1990), 56 Ohio St.3d 106,108-109; State v. Calvillo (1991), 76 Ohio App.3d 714, at the syllabus; State v. Richards (June 21, 1996), Wood App. No. WD-95-079, unreported. However, a trial court substantially complies with Rule 11 if the totality of circumstances, including the existence of a written plea agreement, suggest defendant was aware he was not eligible for probation. Id. Here, appellant signed a written plea form specifying that he was not eligible for probation and that the maximum penalty included an actual seven year term of incarceration.
However, a trial court has no duty to inform a defendant at the time of plea that he is ineligible for conditionalprobation unless the trial court has reason to believe he is drug dependent or in danger of becoming drug dependent. R.C.2951.04(A); see State v. Malesky (Aug. 27, 1992), Cuyahoga App. No. 61290, unreported (R.C. 2951.04 does not require a trial judge to read a defendant's mind to determine if he has a drug problem or is in danger of becoming drug dependent). Only if the trial court has reason to believe a defendant is or may become drug dependent does the trial court have a mandatory duty to advise defendant of a right to request conditional probation. State v.Wigfall (Oct. 26, 1990), Lucas App. No. L-89-219, unreported.
It is not necessary to determine whether the court should have informed appellant about the ability to request conditional probation in these circumstances. Whether the court did or did not inform him and whether the court had reason to believe appellant was drug dependent requires an evaluation of the transcripts of the plea and sentencing proceedings and the law. As a result, appellant could have raised the voluntariness of his plea during his appeal in State v. Braxton, supra, which we decided on July 31, 1995.
 "The alleged Crim.R. 11(C) violation in the case at bar could have been raised directly on appeal. If the sentencing court erroneously failed to inform defendant, pursuant to Crim.R. 11(C), that he was ineligible for probation because of his prior theft conviction, then the defendant should take a direct appeal. A Crim.R. 11(C) violation that appears on the face of the record but is never directly appealed is not per se susceptible to collateral attack by way of a post-conviction proceeding pursuant to R.C. 2953.21. Under the doctrine of res judicata the Crim.R. 11(C) question merged with the judgment of conviction and defendant cannot now relitigate the issue." State v. Ishmail (1981), 67 Ohio St.2d 16, 18. (Emphasis in original.)
Because defendant could have raised his claim that his plea was involuntary on the basis that the trial court allegedly did not inform him about conditional probation or that he was not eligible for probation, his first assignment of error is barred byres judicata. State v. Perry (1967) 10 Ohio St.2d 175, paragraph nine of the syllabus.
Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant claims his trial counsel provided ineffective assistance by failing to ask about or advise him about the availability of conditional probation for drug-dependent offenders. Pursuant to R.C. 2951.04, an offender may be eligible for conditional probation for drug treatment instead of or in addition to a term of incarceration if he committed an offense for which probation can be granted in accordance with R.C. 2951.02. R.C. 2951.04 provides in relevant part:
 "(A) If the court has reason to believe that an offender convicted of a felony or misdemeanor is a drug dependent person * * *, the court may, and when the offender has been convicted the court shall, advise the offender that he has a right to request conditional probation for purposes of treatment and rehabilitation.
 "(B) * * * [An] offender is eligible for conditional probation if the court finds that:
"* * *
 "(3) The offender has committed an offense for which probation may be granted in accordance with [R.C. 2951.02] * * *" (Emphasis added.)
R.C. 2929.01(C) defines actual incarceration to mean:
 "* * * that an offender is required to be imprisoned for the stated period of time to which he is sentenced that is specified as a term of actual incarceration. If a person is sentenced to a term of actual incarceration, the court shall not suspend his term of actual incarceration, and shall not grant him probation or shock probation * * *"
In turn, R.C. 2951.02(F) provides in relevant part:
 "An offender shall not be placed on probation and shall not otherwise have [a] sentence of imprisonment suspended pursuant to [R.C. 2929.51(D)(2) or (4)] when any of the following applies:
"* * *
 "(5) The offender is not eligible for probation or shock probation pursuant to [R.C. 2903.06(C) or 2903.07] or is sentenced to a term of actual incarceration." (Emphasis added.)
The trial court correctly concluded that because appellant was sentenced to an actual term of incarceration for his drug trafficking conviction in 1994, he was not eligible for probation under R.C. 2951.02(F)(5). However, the trial court incorrectly concluded that because appellant was not eligible for probation at that time, he was not eligible for conditional probation when he completed his term of actual incarceration.
The Supreme Court of Ohio has held that where a person has been sentenced to a term of actual incarceration, a trial court cannot suspend the person's sentence and place him on probation under R.C. 2952.02(F) after he served the term specified as actual incarceration. State v. Smith, 42 Ohio St.3d 60, 63
(construing R.C. 2929.51(A) and 2951.02(F)(5)). The court reasoned that courts of common pleas "do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute." Id. at 61 (citations omitted).
Here, however, there is express statutory authority for conditional probation after a term of actual incarceration is completed.
However, R.C. 2951.04(C) expressly provides:
 "If the court finds that an offender is eligible for conditional probation, the court may suspend execution of the sentence imposed after completion of any period of actual incarceration required by Chapter 2925. of the Revised Code, and place the offender on probation subject to this chapter and under the control and supervision of the county probation department or the adult parole authority. * * *"
This court has previously reached the opposite conclusion in Statev. Cole (July 24, 1992), Wood App. No. 92-WD-009, unreported (Under R.C. 2951.02(F)(5), which prohibits a trial court from granting probation where actual incarceration is a mandated part of a defendant's sentence, a person sentenced to a term of imprisonment, including a period of actual incarceration, cannot have his sentence suspended and be placed on probation or conditional probation after serving the actual incarceration portion of his sentence). See State v. Oxenrider (1979), 60 Ohio St.2d 60, at the syllabus (trial court cannot modify actual incarceration to place person on parole by implementing R.C.2929.51(A)); State v. Smith (1989), 42 Ohio St.3d 60, paragraph 2 of the syllabus.
Although the trial court correctly concluded appellant was not eligible for probation, that did not make him ineligible for conditional probation. According to R.C. 2951.04, a trial court may place an offender on conditional probation after the offender completes his actual term of incarceration.
However, conditional probation is not an option unless it is apparent a defendant is drug dependent. Although appellant supported his postconviction petition with an affidavit claiming he was drug dependent, he provided no evidence to suggest either his trial counsel, let alone the trial court, knew of his alleged drug dependency when he entered his no contest plea. The burden was on appellant to submit evidence which contains enough facts to demonstrate the denial of a constitutional right and resulting prejudice. State v. Jackson (1980), 64 Ohio St.2d 107. Further, because appellant's claim requires evidence outside the record, it is not necessary to determine whether his claim is barred by resjudicata.
Accordingly, the second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that his trial counsel should have filed a motion to suppress evidence obtained from the execution of a search warrant at his home, not just to suppress evidence obtained when he was stopped driving his car away from the home while the police were preparing to execute the search warrant.
The trial court acknowledged that appellant had filed a "Motion to Supplement the Petition" to Modify or Set Aside Judgment." In that "Supplement", appellant raised for the suppression issue for the first time. The record shows the trial court never granted leave to appellant to file the supplemental petition. As appellant all but concedes, an appellate court will not pass on questions which the trial court did not decide. In reM.D. (1988), 38 Ohio St.3d 149, 151.
Further, other than allegations questioning the credibility of affidavits submitted to secure the search warrant, appellant provided no evidence to support his conclusion that counsel was ineffective in this regard. Without evidence to demonstrate the denial of a constitutional right, the trial court had no obligation to provide a hearing to appellant. See State v.Jackson, supra.
Accordingly, appellant's third assignment of error is not well-taken.
The judgment of the Lucas county Court of Common Pleas is affirmed. Costs are assessed to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 James R. Sherck, J.
 Melvin L. Resnick, J.
CONCUR.