60

THE STATE OF OHIO, APPELLEE, *v.*
OXENRIDER, APPELLANT.

(No. 79-202—Decided November 21, 1979.)

*Mr. Keith A. Shearer,* prosecuting attorney, and *Mr. Stephen D. Knowling,* for appellee.

*Gold, Rotatori, Messerman & Schwartz Co., L.P.A.,* and *Mr. Niki Z. Schwartz,* for appellant.

SWEENEY, J. The sole issue presented by this appeal is whether the requirement of six months actual incarceration as a penalty for the violation of R. C. 2925.03 (A) (7) precludes the sentencing judge from exercising his discretion to modify defendant's sentence pursuant to R. C. 2929.51 (A). Appellant contends that six months may be spent in a county jail or workhouse, while the state argues conversely that the time must be spent in a state penitentiary or reformatory. To resolve this issue we look to the definitional statute, R. C. 2925.01 (D), which provides, in pertinent part, that:

" 'Actual incarceration' means a person is required to be imprisoned for the stated period *notwithstanding any contrary provisions for suspension of sentence, probation,* shock probation, parole, and shock parole***." (Emphasis added.)

On its face, this provision prohibits consideration of the type of sentence modification permitted by R. C. 2929.51 (A), which states, in relevant part, that:

"At the time of sentencing***the court may *suspend the sentence and place the offender on probation* pursuant to section 2951.02 of the Revised Code. *As one of the conditions of probation,* the court may require the offender to serve a definite term of imprisonment of not more than six months in a county jail or workhouse***." (Emphasis added.)

In other words, R. C. 2929.51 (A) is a provision for suspension of sentence and placement of the offender on probation, *a condition thereof* being up to six months imprisonment in a county jail. Yet, *notwithstanding this provision,* R. C. 2925.01 (D) requires that appellant be imprisoned for the stated period (six months).

A comparative analysis of these two statutes leaves only one ambiguity—the meaning of the term "imprisoned." This uncertainty is rectified by R. C. 1.05, which defines this word as follows:

"As used in the Revised Code, unless the context otherwise requires, 'imprisoned' means imprisonment in a county

or municipal jail or workhouse if the offense is a misdemeanor, and *imprisoned in a state penal or reformatory institution if the offense is a felony\*\*\*."* (Emphasis added.)

This statutory analysis leads us to the conclusion that a person convicted under R. C. 2925.03 (A) (7), a second degree felony, must spend at least six months in a state penitentiary or reformatory, and the sentencing judge has no discretion to modify this period of actual incarceration by implementing R. C. 2929.51 (A).\*

This court, having found appellant to be ineligible for the sentence modification provided by R. C. 2929.51(A), affirms the judgment of the Court of Appeals.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, JACKSON and HOLMES, JJ., concur.

JACKSON, J., of the Eighth Appellate District, sitting for LOCHER, J.

---

\* This conclusion finds further support when R. C. 2951.04, the provision dealing with drug dependent offenders, is considered. Subdivision (C) of that statute allows a court to place a drug dependent individual on conditional probation only "after completion of any period of actual incarceration which may be required by Chapter 2925." It would make little sense to require a drug dependent offender to serve his stated period of actual incarceration in a state penitentiary, prior to receiving treatment by way of conditional probation, yet allow a non-dependent trafficker in drugs to spend six months or less in the relatively less harsh environs of a county jail.