THE STATE OF OHIO, APPELLANT, *v.* SMITH, APPELLEE.

[Cite as State *v.* Smith (1989), 42 Ohio St. 3d 60.]

(No. 87-843—Submitted February 7, 1989—Decided April 19, 1989.)

*Lee C. Falke,* prosecuting attorney, and *Carley J. Ingram,* for appellant.

*Rion, Rion & Rion Co., L.P.A., John H. Rion* and *Mark Stone,* for appellee.

WRIGHT, J. The state of Ohio asserts that the trial court erred in suspending appellee's sentence and placing him on probation, conditioned upon service of the mandated six months in the Ohio State Reformatory. In the state's view there is no legislative grant of authority em-

powering the trial court to fashion a suspended sentence of this nature. We agree.

There is no doubt that historically our trial courts have exercised a wide latitude of discretion in suspending prison sentences and authorizing probation. There exists some very early authority that the power to suspend sentences was inherent with the trial courts and could only be impaired by a specific Act of the General Assembly. See *Weber* v. *State* (1898), 58 Ohio St. 616, 51 N.E. 116, syllabus. However, this court took a contrary position in *Madjorous* v. *State* (1925), 113 Ohio St. 427, 149 N.E. 393, certiorari denied (1926), 270 U.S. 662. In *Madjorous,* we noted that although the body of the *Weber* opinion referred to the court's power to suspend sentence as "inherent," that description did not appear in the syllabus law announced therein. *Id.* at 428, 149 N.E. at 393. Noting that the General Assembly has plenary authority to control the jurisdiction of the courts of common pleas, we endorsed the view expressed in *Ex parte United States* (1916), 242 U.S. 27, which concluded that "the courts do not possess the inherent power to suspend a sentence in a criminal prosecution, * * * [except to stay execution of the sentence pending an appeal or a motion for a new trial]." *Madjorous, supra,* at 433, 149 N.E. at 394-395.

Accordingly, we must reiterate that the courts of common pleas "do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute." *Municipal Court* v. *State, ex rel. Platter* (1933), 126 Ohio St. 103, 184 N.E. 1, paragraph three of the syllabus. Accord *State, ex rel. Gordon,* v. *Zangerle* (1940), 136 Ohio St. 371, 16 O.O. 536, 26 N.E. 2d 190, paragraph six of the syllabus; see, also, *Lakewood* v. *Davies* (1987), 35 Ohio App. 3d 107,

519 N.E. 2d 860; *State, ex rel. Dallman,* v. *Court of Common Pleas* (1972), 32 Ohio App. 2d 102, 61 O.O. 2d 97, 288 N.E. 2d 303. Moreover, because suspension of sentence is a special statutory procedure, the statutory authority for such suspension must be specific in its terms and must also be strictly construed. *State, ex rel. Dallman,* v. *Court of Common Pleas, supra,* paragraph one of the syllabus; *State* v. *Ellington* (1987), 36 Ohio App. 3d 76, 77, 521 N.E. 2d 504, 505.

The state asserts that the trial court erred in imposing sentence for the violation of R.C. 2925.03(A)(7), a felony of the second degree. R.C. 2925.03(E)(3). R.C. 2929.11(A), set forth below in pertinent part, requires the court to sentence a convicted felon to a term of imprisonment:

"Whoever is convicted of or pleads guilty to a felony other than aggravated murder or murder * * * shall be imprisoned for an indefinite term and, in addition, may be fined or required to make restitution, or both. The indefinite term of imprisonment shall consist of a maximum term as provided in this section and a minimum term fixed by the court as provided in this section. * * *"

R.C. 2929.11(B)(5) more specifically provides: "For a felony of the second degree, the minimum term shall be two, three, four, or five years, and the maximum term shall be fifteen years[.]"

Thus, in this case the foregoing statutes require that defendant be sentenced to a term of imprisonment of two, three, four, or five to fifteen years. However, in cases of this nature R.C. 2925.03 additionally requires that the court impose a sentence of actual incarceration of six months:

"(E) If the drug involved is marihuana, whoever violates this sec-

tion is guilty of trafficking in marihuana.

"* * *

"(3) Where the offender has violated division (A)(7) of this section, trafficking in marihuana is a felony of the second degree and *the court shall impose a sentence of actual incarceration of six months* and if the offender has previously been convicted of a felony drug abuse offense, the court shall impose a sentence of actual incarceration of one year." (Emphasis added.)

"Actual incarceration" is defined in R.C. 2929.01(C):

" 'Actual incarceration' means that an offender is required to be imprisoned for the stated period of time to which he is sentenced that is specified as a term of actual incarceration. If a person is sentenced to a term of actual incarceration, *the court shall not suspend his term of actual incarceration, and shall not grant him probation or shock probation,* pursuant to section 2929.51, 2947.061, 2951.02, or 2951.04 of the Revised Code, and the department of rehabilitation and correction or the adult parole authority shall not, pursuant to Chapter 2967. of the Revised Code * * *, grant him * * * parole, emergency parole, or shock parole until after the expiration of his term of actual incarceration * * *." (Emphasis added.)

In compliance with the foregoing statutory provisions, the trial court below sentenced Smith to two-to-fifteen years on count two and imposed six months' actual incarceration. However, the court suspended the sentence on condition that the actual incarceration be served. R.C. 2929.51 grants to the court the general power to suspend execution of sentence and place a defendant on probation:

"(A) At any time after compliance with the procedures contained in divi-

sion (C) of this section, if compliance with those procedures is required by that division, and before an offender is delivered into the custody of the institution in which he is to serve his sentence; or at any time between the time of sentencing, if compliance with the procedures contained in division (C) of this section is not required by that division, and the time at which an offender is delivered into the custody of the institution in which he is to serve his sentence, when a term of imprisonment for felony is imposed, the court may suspend the sentence and place the offender on probation pursuant to section 2951.02 of the Revised Code. As one of the conditions of probation, the court may require the offender to serve a definite term of imprisonment of not more than six months in a county jail or workhouse, which term may be served in intermittent confinement pursuant to division (D)(3) of this section.

"(B) After an offender is delivered into the custody of the institution in which he is to serve his sentence, when a term of imprisonment for felony is imposed, and during the period prescribed by section 2947.061 of the Revised Code, the court may suspend the balance of the sentence and place the offender on probation pursuant to that section."

While R.C. 2929.51(A) generally authorizes the court to suspend sentences, the state asserts that the defendant herein is specifically precluded from suspension of sentence by R.C. 2951.02(F), which states:

*"An offender shall not be placed on probation* or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code *when any of the following applies*:

"* * *

"(5) The offender is not eligible for

probation or shock probation pursuant to division (C) of section 2903.06 or 2903.07 of the Revised Code *or is sentenced to a term of actual incarceration.*" (Emphasis added.)

Accordingly, the question presented is whether a convicted felon ineligible for probation may nevertheless have his sentence suspended subject only to service of the term of actual incarceration. In this case, resolution of this question arguably raises a conflict between R.C. 2929.51(A) and 2951.02 (F)(5). The court of appeals held that R.C. 2929.51(A) and 2951.02(F)(5) must be read *in pari materia,* and that when these statutes are construed together, R.C. 2951.02(F)(5) is consistent and compatible with the general sentence modification provision of R.C. 2929.51(A). Reference was made to *State* v. *Oxenrider* (1979), 60 Ohio St. 2d 60, 14 O.O. 3d 235, 396 N.E. 2d 1034, wherein we stated:

"* * * [A] person convicted under R.C. 2925.03(A)(7), a second degree felony, must spend at least six months in a state penitentiary or reformatory, and the sentencing judge has no discretion to modify this period of actual incarceration by implementing R.C. 2929.51(A)." *Id.* at 62, 14 O.O. 3d at 236, 396 N.E. 2d at 1035.

The general issue presented in *Oxenrider* is similar to that presented here, *i.e.,* whether the requirement of six months' actual incarceration prescribed for violation of R.C. 2925.03(A)(7) precludes the sentencing judge from exercising his discretion to modify defendant's sentence pursuant to R.C. 2929.51(A). Specifically, that case centered on the defendant's eligibility for "split" sentencing: The defendant argued that the six months' actual imprisonment could be served in a county jail or workhouse, while the state argued that the time must be spent in a state penitentiary or refor-

matory. *Id.* at 61, 14 O.O. 3d at 236, 396 N.E. 2d at 1034. Relying principally on the definition of "imprisoned" in R.C. 1.05, we held that the court's discretion under R.C. 2929.51(A) is limited by R.C. 2925.03(A)(7), and that the six months' actual incarceration mandated by the latter must be served in a state penitentiary or reformatory.

However, *Oxenrider* did not address the specific question at issue here, *i.e.,* whether a person sentenced to a term of actual incarceration may have his sentence suspended and be placed on probation after serving that term specified as actual incarceration. Accordingly, we believe the court of appeals' reliance on *Oxenrider* in this case is misplaced, as that case neither stated nor implied that a trial court has discretion to modify any part of a sentence other than the six-month period of actual incarceration.

Trial courts have been granted considerable discretion to modify sentences pursuant to R.C. 2929.51, and nothing contained herein should be construed to discourage innovative sentencing practices where prescribed by law. However, we find that such discretion is specifically limited by R.C. 2951.02(F)(5), under which a defendant sentenced to a term of actual incarceration is ineligible for probation. R.C. 2951.02(F)(5) is clear and unambiguous. Thus we do not construe that statute and R.C. 2929.51 *in pari materia.* As we stated in *State* v. *Krutz* (1986), 28 Ohio St. 3d 36, 37-38, 28 OBR 96, 97, 502 N.E. 2d 210, 211, certiorari denied (1987), 481 U.S. 1028, "the *in pari materia* rule of statutory construction applies 'only where the statute to be construed is ambiguous or the significance of its terms doubtful.'" Since, pursuant to R.C. 2925.03(E)(3), a six-month term of actual incarceration is mandated in this case, under R.C. 2951.02(F)(5) appel-

lee is simply ineligible for probation. See, also, R.C. 2929.01(C). Thus, R.C. 2929.51(A) to the contrary notwithstanding, the trial court had no power to grant probation to appellee, and its entry granting such probation is void. *Municipal Court* v. *State, ex rel. Platter, supra,* paragraph four of the syllabus.

Appellee also argues that if the court is without authority to grant probation here, his six months' actual incarceration, in conjunction with the two years' minimum sentence imposed, in effect becomes two years' actual incarceration. This argument is baseless, as it ignores the role of the Adult Parole Authority. It is true, for example, that appellee is ineligible for court-ordered shock probation under R.C. 2947.061. *State* v. *Fisher* (1988), 35 Ohio St. 3d 22, 23, 517 N.E. 2d 911, 912. However, after serving the six-month term of actual incarceration appellee may be eligible for shock parole under R.C. 2967.31, or for regular parole. Our decision here will clearly not have the effect of sentencing appellee to two years' actual incarceration.

Accordingly, we hold that there is no legislative grant to the trial court to suspend appellee's sentence in this context. The unequivocal prohibition contained in R.C. 2951.02(F)(5) precludes the trial court from granting probation where actual incarceration is a mandated aspect of the defendant's sentence.

The judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed
and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and RESNICK, JJ., concur.

H. BROWN, J., dissents.

H. BROWN, J., dissenting. I respectfully dissent. In this case, R.C. 2929.01(C) prohibits the trial judge from suspending the required six-month sentence of actual incarceration. Further, the trial judge may not relieve the defendant of mandatory actual incarceration by putting the defendant on probation during the six-month period. Neither appellant nor appellee disputes this result. It follows from the clearly expressed legislative intent that certain periods of actual incarceration are mandated for certain crimes.

However, the majority has adopted a rule that goes much further than necessary to carry out the legislative intent. Put simply, the majority has found that where a sentence includes as a portion thereof a period of "actual incarceration" (whether the actual incarceration be three days, three months or three years), the trial court is powerless to suspend execution of the *other* parts of the sentence which are in addition to the mandatory actual incarceration. In multiple-count cases, where offenses requiring actual incarceration are combined with those not requiring actual incarceration, the rule adopted by the majority becomes especially aberrational.

To reach these incongruous results, the majority seizes upon R.C. 2951.02(F) which states:

"*An offender shall not be placed on probation* or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code *when any of the following applies*:

"* * *

"(5) The offender is not eligible for probation or shock probation pursuant to division (C) of section 2903.06 or 2903.07 of the Revised Code *or is*

*sentenced to a term of actual incarceration.*" (Emphasis added.)

The answer to the majority is contained in the analysis supporting the unanimous decision by the Court of Appeals for Montgomery County. That court reasoned:

"Essentially, it is the position of the state of Ohio that R.C. 2951.02 (F)(5) is inconsistent with R.C. 2929.51(A) and to that extent repeals the provision for modification of sentence quoted above. We disagree.

"The language of R.C. 2951.02 (F)(5) departs in specified cases from the settled formula of sentence modification. To carry out the clear and reasonable purpose expressed by the legislature, however, statutes which relate to the same subject matter are to be construed *in pari materia* to achieve the result intended. See, *e.g., State* v. *Abney* (May 4, 1981), Greene App. No. 1157, unreported. The inconsistency which the state argues appears only on surface examination. When these two statutes are construed together, the provision of R.C. 2951.02(F)(5) is consistent and compatible with the general sentence modification provision of R.C. 2929.51 (A). In a case which is factually very similar to the case *sub judice,* the Ohio Supreme Court held that '* * * a person convicted under R.C. 2925.03(A) (7), a second degree felony, must spend at least six months in a state penitentiary or reformatory, and the sentencing judge has no discretion to modify *this* period of actual incarceration by implementing R.C. 2929.51(A).' *State* v. *Oxenrider* (1979), 60 Ohio St. 2d 60, 62. (Emphasis added.) It is our view that the trial court had the authority to grant probation to this defendant, but his release from custody under probation cannot take effect until he has served his mandatory period of actual incarceration. See *State* v. *Boggs* (Jan. 19, 1984), Montgomery App. No. 8358, unreported (concurring opinion by Weber, J.). Contra *State* v. *Ruth* (Mar. 16, 1983), Hamilton App. No. C-820355, unreported."

I agree with the court of appeals and therefore would not overrule its decision.