The STATE of Ohio, Appellee,

v.

MILANO, Appellant.

[Cite as *State v. Milano* (1989), 65 Ohio App.3d 284.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57501.

Decided Nov. 13, 1989.

*John T. Corrigan,* Prosecuting Attorney, and *Ronald James,* Assistant Prosecuting Attorney, for appellee.

*A. Richard Valore,* for appellant.

*Per Curiam.*

In an accelerated appeal, defendant Lee M. Milano argues that the trial court erroneously refused to hear or consider his motion for shock probation.

Shock probation is unavailable to a defendant serving a period of "actual incarceration." R.C. 2947.061. Milano claims he was not sentenced to a period of actual incarceration, but, rather, he was given a "mandatory" sentence.

R.C. 2925.03(C)(4) mandated the imposition of an eighteen-month period of actual incarceration in this case and the trial court had no discretion to impose a lesser sentence. See *State v. Oxenrider* (1979), 60 Ohio St.2d 60, 14 O.O.3d 235, 396 N.E.2d 1034. We find in the court's use of the phrase "mandatory eighteen months" the same restrictions on shock probation as meant by the phrase "actual incarceration." See *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198; *Oxenrider, supra.* Cf. *State v. Cravens* (1988), 42 Ohio App.3d 69, 536 N.E.2d 686. Milano is, thus, ineligible for shock probation.

Milano further claims error because the court did not hold a hearing. Milano was statutorily ineligible for shock probation; therefore, a hearing could not have produced a different result. See *State v. Delaney* (1983), 9 Ohio App.3d 47, 9 OBR 50, 458 N.E.2d 462.

The sole assignment of error fails.

*Judgment affirmed.*

ANN MCMANAMON, C.J., DAVID T. MATIA and FRANCIS E. SWEENEY, JJ., concur.