**State v. Derr**
*[Cite as 3 AOA 116]*

*Case No. 89-CA-43*
*Knox County, (5th)*
*Decided May 17, 1990*

*James M. Ronk, Knox County Prosecutor, 114 East Chestnut Street, Mt. Vernon, OH 43050; John W. Baker, Assistant Prosecutor, 114 East Chestnut Street, Mt. Vernon, OH 43050, for Plaintiff-Appellee.*

*David L. Remy, 51 West First Street, Mansfield, OH 44902, for Defendant-Appellant.*

HOFFMAN, J.

This is an appeal from the judgment of the Court of Common Pleas of Knox County dismissing appellant Stephen Derr's post conviction relief petition. The trial court rendered findings of fact and conclusions of law filed September 25, 1989, a copy of which is attached to this opinion.

Derr was found guilty of and convicted on the charge of aggravated trafficking, a felony of the first degree. (R.C. 2925.03(A)(7). Being a first time drug offender, appellant was sentenced to serve a term of not less than seven (7) nor more than twenty-five (25) years with the first five (5) years to be actual incarceration as defined in R.C. 2929.01(C). On appeal before this court in Case No. 87-CA-21 that conviction was upheld.

Subsequently, appellant filed a motion for post conviction relief based upon newly discovered case law interpreting the sentence statutes of R.C. 2929.11 and 2925.03. The trial court denied this relief and appellant appeals, raising one assignment of error:

"*ASSIGNMENT OF ERROR NO. I.*
"THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW WHEN IT FAILED TO RULE THAT THE SENTENCING PROVISIONS OF R.C. 2929.11 DO NOT APPLY TO INDIVIDUALS CONVICTED OF VIOLATING R.C. 2925.03."

Appellant argues that *State v. Russo* (February 25, 1988), Cuyahoga App. No. 53571, unreported, stands for the proposition that a conviction under Chapter 2925 of Revised Code is not subject to the general sentencing provision of R.C. 2929.11.

In its conclusions of law, the trial court held that *State v. Smith* (1989), 42 Ohio St.3d 60 addresses the sentencing provisions of R.C. 2925.03(C) and controls the instant case. The trial court also stated that the reasoning in *Smith* is in conflict with the reasoning in *Russo*, but that it is not bound by Ohio Appellate decisions rendered outside the Fifth District by courts subordinate to the Supreme Courts of Ohio. (Conclusions of Law 8 and 9).

As stated by the trial court, when the Ohio Supreme Court decision controls, this court cannot apply a decision of another Appellate Court, even if that were its choice. There can be no "conflict" as a matter of law between any Supreme Court decision and the decision of the Court of Appeals.

Based upon the authority of *Smith* cited *supra*, Derr's sole assignment of error is overruled and the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed.

*Judgment affirmed*

PUTMAN, P.J., and MILLIGAN, J., concur.