OPINION
Defendant Mark A. Pariscoff appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which convicted and sentenced him for one count of aggravated trafficking, a felony in the first degree, and one count of trafficking in marijuana, a fourth degree felony, after appellant changed his plea from not guilty to guilty. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT VIOLATED R.C. 2937.40 AND ERRED TO PARISCOFF'S PREJUDICE WHEN IT ORDERED THE $1,500 BOND DEPOSITED IN THIS CASE TO BE APPLIED TOWARD FINES, COSTS, AND RESTITUTION.
SECOND ASSIGNMENT OF ERROR
 A TRIAL COURT VIOLATES CRIM. R. 11 (C)(2) AND COMMITS PREJUDICIAL ERROR WHERE IT ACCEPTS A GUILTY PLEA BASED UPON A PROMISE THAT THE COURT WOULD CONSIDER PROBATION NOTWITHSTANDING THAT THE ACCUSED WAS SUBJECT TO A MANDATORY TERM OF ACTUAL INCARCERATION.
THIRD ASSIGNMENT OF ERROR
 AN ACCUSED IS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS WHERE TRIAL COUNSEL ERRONEOUSLY PROMISES THE ACCUSED HE WILL BE CONSIDERED FOR PROBATION AFTER THE EXPIRATION OF HIS TERM OF ACTUAL INCARCERATION. AS A RESULT, THE ACCUSED'S GUILTY PLEA WAS NOT A KNOWING, INTELLIGENT, AND VOLUNTARY WAIVER OF FUNDAMENTAL CONSTITUTIONAL RIGHTS.
Appellant changed his plea from not guilty to guilty on the second day of trial. When the court accepted the plea, the court advised the appellant the penalties for the charges to which appellant offered to plead guilty were, on the first count, seven to twenty-five years maximum and on the second count a year and one half. The court also advised the appellant of the mandatory fine of $7,500.00 on count one up to a maximum of $10,000.00 as a general fine. The court also informed appellant it would order forfeiture of appellant's vehicle if proven appropriate by the prosecution. The court informed appellant there was an actual incarceration of five years on the first count. Appellant indicated he understood the maximum penalties and was pleading guilty voluntarily. Appellant also executed a written waiver upon the plea of guilty, which admitted he was not eligible for probation and had been informed of the maximum penalties provided for by law. Appellant admitted he was waiving his constitutional rights to a jury, to confront witnesses, and to require the State to prove his guilt beyond a reasonable doubt. The written plea outlined the maximum penalties and mandatory fines on the aggravated trafficking of LSD and trafficking in marijuana charges.
 I
In his first assignment of error, appellant argues the court erred to his prejudice when it ordered the $1500.00 bond appellant had deposited applied to fines, costs and restitution. The State points out appellant did not request the return of the bond money at the time of his plea, but merely filed an affidavit of indigency with respect to the mandatory fine. Although the court ordered the bond forfeited, it also found appellant to be indigent and waived the mandatory fines. The court cited R.C. 2937.40(C) as authority for applying the bail deposit towards the satisfaction of costs, fines and restitution.
Appellant argues the plain language of R.C. 2937.40(C) prohibits the court from ordering his bail deposit with the clerk to be applied to the fines, costs and restitution. R.C. 2937.40
states in pertinent part:
 (B) When cash or securities have been deposited as bail by a person other than the accused and the bail is discharged and released pursuant to division (A) of this section, or when property has been pledged by a surety on recognizance and the surety on recognizance has been released pursuant to division (A) of this section, the court shall not deduct any amount from the cash or securities or declare forfeited and levy or execute against pledged property. The court shall not apply any of the deposited cash or securities toward, or declare forfeited and levy or execute against property pledged for a recognizance for the satisfaction of any penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, except upon express approval of the person who deposited the cash or securities or the surety.
 (C) Bail of any type that is deposited under Section 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 by an accused shall be discharged and released to the accused, and property pledged by an accused for recognizance shall be discharged, upon the appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate, except that, if the defendant is not indigent, the court may apply deposited bail toward the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, and may be declare forfeited and levy or executed against pledged property for the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea.
The trial court found appellant was not "indigent up to the amount of the bond posted", see amended entry of sentence, April 14, 1997.
Appellant admits the record does not show whether appellant, or another party paid the bail deposit. For this reason, appellant urges either R.C. 2937.40(B) or (C) applies, and in either case, the court should have released the bail deposited with the clerk of courts to whomever deposited it.
As the State points out, there are no facts in the record which support appellant's argument the court should have released the bond. The court found appellant was not indigent with regards to the amount of the bond posted, and waived the balance of the mandatory fines and costs. On this record, this court cannot find the trial court erred.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the trial court violated Crim.R. 11(C) by accepting appellant's guilty plea after promising him the court would consider granting him probation on the second count even though the accused is subject to a mandatory term of actual incarceration on the first count.
Crim.R. 11(C) requires the court to advise an accused if he is not eligible for probation prior to accepting the guilty plea. Appellant argues it is uncontroverted he is not eligible for probation because he must serve a term of actual incarceration. The trial court may not suspend a term of actual incarceration, and cannot grant probation or shock probation, see State v. Smith
(1989), 42 Ohio St.3d 60.
We have reviewed the record, and we find the court clearly advised appellant he was not eligible for probation as it related to count one, the aggravated trafficking in LSD. Appellant's written waiver, as well as his statements on the record at the change of plea hearing, indicate appellant was well aware he was ineligible for probation on count one. In State v. Nero (1990)56 Ohio St.3d 106, the Ohio Supreme Court found a trial court has substantially complied with Crim.R. 11 where it is obvious from the record the accused was well aware of his ineligibility for probation.
We find the record does not support appellant's argument that the court violated the provisions of Crim.R. 11 in accepting his guilty plea. Accordingly, the second assignment of error is overruled.
 III
Finally, appellant argues he was denied the effective assistance of counsel because trial counsel erroneously promised him he would be considered for probation after the expiration of his term of actual incarceration.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test for reviewing claims of ineffective assistance of counsel. First, the accused must show counsel's representation falls below an objective standard of essential duty, and also that the substandard performance actually prejudiced the client's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the Strickland test, see State v. Bradley (1989), 42 Ohio St.3d 136. In Bradley, the Ohio Supreme Court found in order to show prejudice, the accused must show there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different.
The State argues the guilty plea negotiations were accomplished on the second day of trial, after it became apparent the State's case was so strong appellant would have been convicted by the jury and could have been sentenced to a harsher term than the sentence bargained for in the plea agreement.
Appellant's counsel informed appellant he could apply for probation on the second count, and depending upon how cooperative he was, the court could consider his application and he could be released from prison after he served the actual time on the first count. Tr., V. III, at 510. The court agreed, and informed appellant it would consider an application for probation on the second count after appellant served the mandatory time on the first count, Tr. V. III, 514. It does not appear anyone promised appellant he would actually receive early release, but only that if he applied, his application would be considered at the proper time.
We find appellant has not demonstrated his counsel was ineffective.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., concur.