DECISION AND JUDGMENT ENTRY
This appeal is taken from the January 26, 2000 "Order" overruling Attorney Robert W. Suhr's motion to strike pleadings from the file.
The record reveals that appellant was charged with one count of Aggravated Burglary, two counts of Breaking and Entering, and one count of Vandalism. The matter was scheduled to be tried to a jury on August 2, 1994; however, appellant failed to appear and a bench warrant was issued. On April 8, 1997, appellant's court appointed counsel, Aaron R. Triplett, withdrew as appellant's attorney, appellant apparently having retained Attorney Douglas W. Shaw. On April 18, 1997, appellant, represented by his new attorney, entered guilty pleas to the 1994 charges and was sentenced to an aggregate term of seven to twenty-five years imprisonment. The next action taken on appellant's behalf was a "Motion for Shock Probation Pursuant to O.R.C. 2947.06.1" filed on April 30, 1998 by Attorney Garry A. Sabol. On May 11, 1998, the trial court filed an "Order" denying the motion for shock probation.
On December 22, 1999, Attorney Robert W. Suhr filed a "Motion to Strike Pleading from Files" in the trial court, seeking to strike the motion for shock probation and asking for a hearing on the matter to establish that, although Attorney Sabol was retained by appellant's mother for the purpose of looking into whether appellant could obtain any type of early release, Attorney Sabol did not represent appellant and that he filed the motion for shock probation without authorization.
On January 26, 2000, the trial court filed its "Order" overruling the motion to strike the motion for shock probation. Also filed on January 26th was Attorney Suhr's "Supplemental to Defendant's Motion to Strike Pleading from Files," to which is attached an affidavit from appellant's mother. On February 11, 2000, Attorney Suhr filed a "Proffer of Evidence" in the trial court which reiterates the allegations contained in the December 22, 1999 motion and the January 26, 2000 supplement to that motion. That same day, Attorney Suhr filed a notice of appeal from the January 26, 2000 "Order." Because the January 26, 2000 "Order" that forms the basis of this appeal may not constitute a final appealable order pursuant to R.C. 2505.02, Attorney Suhr was ordered to file a memorandum concerning this jurisdictional issue. On March 28, 2000, Attorney Suhr filed a memorandum explaining the basis for the appeal. On April 14, 2000, he filed the "Assignment of Errors and Brief."
Initially, we must consider whether the January 26, 2000 "Order" is final and appealable pursuant to R.C. 2505.02. An order is a final order when, inter alia, it affects a substantial right made in a special proceeding or upon a summary application in an action after judgment. R.C. 2505.02(B)(2).
Pursuant to R.C. 2947.061(B), a defendant who committed an aggravated felony prior to June 28, 1996 has a right to file one motion for shock probation any time after six months has elapsed after he was delivered to the institution. Appellant is subject to the provisions of R.C. 2947.061(B) because appellant committed his offenses, which include an aggravated felony, in 1994. This Court has previously determined that the R.C. 2947.061 statutory scheme constitutes a special proceeding and that a defendant has a substantial right to file a motion for shock probation under the procedure provided in that statute. Therefore, an order denying a motion for shock probation made pursuant to R.C.2947.061 is an order made in a special proceeding and affects a substantial right. State v. Riggs (Oct. 3, 1993), Meigs App. No. 503 and 506, unreported; State v. Brandon (Mar. 12, 1993), Greene App. No. 92CA0027, unreported.
However, the appeal sub judice involves only the January 26, 2000 "Order" overruling the denial of Attorney Suhr's motion to strike Attorney Sabol's motion to grant appellant shock probation. We note that R.C. 2947.061(B) prohibits a defendant from filing more than one motion for shock probation. The essence of Attorney Suhr's argument is that the trial court's decision overruling his motion to strike the motion for shock probation has deprived appellant of a substantial right because Attorney Sabol filed the motion for shock probation without authorization.
In the instant case, the record contains nothing to support Attorney Suhr's claim that Attorney Sabol did not represent appellant at the time he filed the motion for shock probation. The record reflects that prior to appellant's 1997 conviction he was represented first, by court appointed counsel Triplett, and second, by Attorney Shaw, who apparently was retained. Next, Attorney Sabol was retained by appellant's mother in 1998 to pursue some sort of early release. (Affidavit of Shirley Frazier, attached to the January 26, 2000 "Supplemental to Defendant's Motion to Strike Pleading From Files.") Lastly, Attorney Suhr, in his December 22, 1999 "Motion to Strike Pleading from Files," claims that he represents appellant and that Attorney Sabol did not represent appellant in 1998.
R.C. 2947.061 specifically states: "* * * the court shall deny, without hearing, any motion not authorized by this division or prohibited by this division. * * *" The suspension of a sentence is a special statutory procedure; therefore, the terms of the statute must be specific and must be strictly construed.State v. Smith (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, 200. R.C. 2947.061 contains no provision for withdrawing a motion for shock probation and specifically prohibits any motion not authorized by the statute. In the case sub judice, the motion for shock probation was filed on April 30, 1998. On May 11, 1998, the trial court denied the motion. Appellant's remedy for the denial of his motion for shock probation was not to file a motion to withdraw the motion for shock probation, but rather to file an appeal from the denial of the motion. State v. Meredith
(Aug. 22, 1997), Montgomery App. No. 16152, unreported.
In view of the foregoing, we find no substantial right is affected by the trial court's denial of a motion which is not authorized by R.C. 2947.061. Accordingly, we find that the January 26, 2000 "Order" does not constitute a final and appealable order.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., Abele, J. Evans, J.: Concur.
For the Court
 BY: _____________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.