DECISION AND JOURNAL ENTRY
Defendant, Curtis McMillan, has appealed from a judgment of the Lorain County Common Pleas Court that denied his pro se
motion. This Court affirms.
 I.
After a jury trial in 1989, Defendant was convicted and sentenced on one count of rape and one count of gross sexual imposition. He timely appealed that conviction and sentence, and this Court reversed that conviction and remanded the case to the trial court. See State v. McMillan (1990), 69 Ohio App.3d 36. Upon retrial, Defendant was found not guilty of rape, but guilty of the lesser included offense of attempted rape. A mistrial was declared on the charge of gross sexual imposition. Defendant again appealed to this Court, and his conviction was affirmed. See State v. McMillan (Dec. 18, 1991), Lorain App. No. 91CA005081, unreported.
Subsequently, Defendant filed a petition for postconviction relief in the trial court. The trial court denied his petition without a hearing on the grounds of res judicata. This Court affirmed the denial of his petition without a hearing. See Statev. McMillan (May 5, 1993), Lorain App. No. 92CA005482, unreported, jurisdictional motion overruled (1993), 67 Ohio St.3d 1479.
On December 14, 1994, Defendant filed a pro se motion to suspend his sentence pursuant to R.C. 2947.061. The trial court denied his motion on the grounds that he was not eligible for relief under that statute because he was serving a term of actual incarceration. On February 3, 1999, Defendant filed a second prose motion to suspend his sentence pursuant to R.C. 2947.061, which was also denied.
On April 15, 1999, Defendant filed a "motion requesting that this court accept jurisdiction to determine whether the Ohio Adult Parole Authority violated Defendant's Eighth Constitutional Amendment right against cruel and unusual punishment when they continued Defendant's sentence six more years after he served his minimum sentence imposed by this honorable court." The trial court subsequently denied his motion. Defendant attempted to appeal that denial to this Court; however, the appeal was dismissed as untimely.
Subsequently, on October 21, 1999, Defendant filed the exact same motion with the trial court. Not surprisingly, the motion was again denied. Defendant timely appealed that denial to this Court, asserting one assignment of error.
 II. The Lorain County Common Pleas Court abused its discretion by not ruling on the constitutional issues and subsequent merits of [Defendant's] motion.
 In his sole assignment of error, Defendant has essentially asserted that the trial court incorrectly denied his motion. This Court disagrees.
Defendant was sentenced to a term of not less than seven years and no more than fifteen years, with the minimum as actual incarceration. Defendant has contended that he has already served nine and one-half years when the trial court, at the time of sentencing, implied that he would only serve seven years. He has asserted that the Adult Parole Authority's (APA) repeated denials of parole and failure to give him a projected out-date constitute a violation of Defendant's Eighth Amendment rights. As a result of the alleged violations committed by the APA, Defendant requested that the trial court exercise its discretion and change his sentence.
Despite Defendant's assertions, the trial court does not have inherent authority to suspend the execution of a criminal sentence. State v. Smith (1989), 42 Ohio St.3d 60, paragraph one of the syllabus. The trial court may only order a suspension of a sentence as authorized by statute. Id. Defendant did not refer this Court or the trial court to any statute authorizing the trial court to suspend his sentence. As such, the trial court did not err when it denied Defendant's motion. Accordingly, Defendant's sole assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________ BETH WHITMORE
BATCHELDER, P.J., BAIRD, J., CONCUR.