DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Linda Viscomi appeals from the decision of the Medina County Court of Common Pleas, which denied her request for judicial release. This court affirms.
 I.
In 1993 and 1994, Viscomi was indicted by the grand jury on thirty-one counts of drug trafficking, conspiracy to traffic in drugs, tampering with evidence and possession of criminal tools. Twelve of the counts also included firearm specifications. On the advice of counsel Viscomi pled guilty to eighteen counts and she was sentenced on May 26, 1995 to two consecutive two to fifteen year sentences, with one year actual time on each count and sixteen one-year concurrent terms. Viscomi was apparently eligible for shock parole after two and one-half years pursuant to R.C.2967.31.
On July 1, 1996, the criminal code provisions enacted by the General Assembly through Am.Sub.S.B. No. 2 and Am.Sub.S.B. No. 269 became effective and applied to offenses committed on or after the effective date of the statute. The General Assembly specifically stated in Am.Sub.S.B. No. 269 that any offenses committed prior to the effective date of Am.Sub.S.B. No. 2 would be governed by law in effect prior to that date. Thus, the changes in the criminal code effectuated by Am.Sub.S.B. No. 2 do not apply to the prior offenses. Among the statutes enacted by Am.Sub.S.B. No. 2 was R.C. 2929.20, which for the first time allowed a process for judicial release. On December 27, 1999, the General Assembly enacted Am.Sub.S.B. No. 107, which made numerous changes to the criminal statutes. The legislature repealed the prior version of R.C.2929.20 and replaced it with another version that became effective on March 23, 2000.
On March 23, 2000, Viscomi applied to the court of common pleas for judicial release. On April 18, 2000, the judge determined that the court did not have jurisdiction to grant judicial release because R.C. 2929.20
was not applicable to Viscomi, whose offenses were committed prior to July 1, 1996. The judge also determined that Viscomi was ineligible for shock probation pursuant to R.C. 2947.061 (applicable to persons convicted of crimes committed prior to July 1, 1996). The judge explained this second determination by stating that Viscomi "was sentenced to a term of actual incarceration. State v. Smith (1989), 42 Ohio St.3d 60."
Viscomi timely appealed the court's order and assigned one error.
 III. APPELLANT'S ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DETERMINING THAT IT DID NOT HAVE JURISDICTION TO RELEASE APPELLANT BY JUDICIAL RELEASE UNDER [R.C.] 2929.20.
Viscomi essentially contends that because the legislature repealed R.C. 2929.20 and enacted an entirely new statute, the new statute applies to all persons currently incarcerated. Viscomi argues that although the criminal code enacted by Am.Sub.S.B. No. 2 and Am.Sub.S.B. No. 269, including judicial release, applied only to offenses committed on or after July 1, 1996, Am.Sub.S.B. No. 107 repealed the prior version of R.C. 2929.20 without stating that the newly-enacted statute applies only prospectively. Viscomi contends that because R.C. 2929.20 is remedial, it must be retroactive. See State ex rel. Slaughter v. Indus. Comm. (1937),132 Ohio St. 537.
The Ohio Supreme Court has already determined that Am.Sub.S.B. No. 2 has only prospective application and that its non-retroactivity is constitutional. State v. Rush (1998), 83 Ohio St.3d 53, paragraphs two and three of the syllabus. This court, applying Rush to the judicial release statute, has held that an earlier reenactment of R.C. 2929.20 has a prospective application. State v. Brickey (Nov. 22, 2000), Medina App. No. 3066-M, unreported, at 3. However, Viscomi argues that instant repeal and reenactment of the judicial release statute cannot have prospective application because the statute does not specifically state that it is to be prospectively applied. This court disagrees.
R.C. 1.58 outlines the effects of statutory changes on "existing conditions." The statute reads in its entirety:
 (A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:
 (1) Affect the prior operation of the statute or any prior action taken thereunder;
 (2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;
 (3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;
 (4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.
 (B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
Am.Sub.S.B. No. 269, Section 3, amended Section 5 of Am.Sub.S.B. 2 to read as follows:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.
Thus, in Am.Sub.S.B. No. 269 the legislature clearly stated that the criminal code in existence prior to July 1, 1996 would apply to persons who committed offenses prior to that date. The enacting legislation, which created a new criminal code effective July 1, 1996, clearly provided a prospective application. Rush, 83 Ohio St.3d at 57-58. Although the legislature has amended R.C. 2929.20 since July 1, 1996,[1] the enacting legislation including Section 5 of Am. Sub.S.B. No. 2 as amended by Section 3 of Am.Sub.S.B. No. 269 has not been amended since that date.
Viscomi argues that because the new version of R.C. 2929.20 does not itself state that it applies only prospectively, it must be applied retroactively. However, none of the prior versions of R.C. 2929.20
included such a statement. The prospective application of the statute was established by the enacting legislation, which is still in effect and has not been repealed despite subsequent changes to the statute itself.
This court finds that R.C. 2929.20 as reenacted effective March 23, 2000, is limited to a prospective application because the enacting legislation, which is still effective, specifically provided for a prospective application to persons whose offenses occurred on or after July 1, 1996, and specifically rejected any interpretation to the contrary.
We overrule Viscomi's assignment of error and we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
CARR, J. WHITMORE, J. CONCUR
[1] The statute was amended by Am.Sub.H.B. No. 151, effective September 16, 1997, and more recently by Am.Sub.S.B. 107, effective March 23, 2000.