JOURNAL ENTRY AND OPINION.
{¶ 1} This is an appeal by the State of Ohio from an order of Judge Anthony O. Calabrese that granted Bernard Wells' oral motion for shock probation following his 1996 conviction for felonious assault with a violence specification. Because the judge had denied a prior, written motion for shock probation in 1996, he was without jurisdiction to grant a second motion in 2002. We vacate the order granting shock probation, and remand this case for the entry of an order reinstating Wells' prison sentence.
 {¶ 2} On June 19, 1995, when Wells was indicted on one count of felonious assault under R.C. 2903.11, with a violence specification, it was an aggravated felony of the second degree. The record reflects that on March 20, 1996, he was convicted by a jury of the crimes so charged. The same day, the judge sentenced him to an indefinite prison term of seven to fifteen years, and he was incarcerated on March 27, 1996. On October 4, 1996, he filed a motion for shock probation under pre-Senate Bill 2 R.C. 2947.061, which was denied following an evidentiary hearing. We subsequently affirmed his conviction on his direct appeal,[1] and also affirmed the denial of his post-conviction motions for a new trial and leave to file a motion for a new trial.[2]
 {¶ 3} On April 30, 2001, Wells moved for reconsideration of the denial of his motion for a new trial, to which the State responded. It should be noted that the motion for reconsideration Wells filed concerned only the denial of the earlier post-conviction motion for a new trial.
 {¶ 4} In his motion, Wells argued that his trial lawyer was deficient in presenting his defense of mistaken identity; that certain witnesses had testified falsely; and that new witnesses had been found to corroborate Wells' defense, inculpate a different man in the assault forming the basis of the charges and help to present an alibi. There wasno mention of shock probation, or request that the judge reconsider hisprior decision to deny Wells' shock probation in this motion.
 {¶ 5} The motion was set for hearing on December 20, 2002, and the parties appeared. Instead of arguing any of the merits of Wells' motion for reconsideration of his motion for a new trial, however, he orally moved for shock probation, asking the judge to show leniency, and the judge granted the motion. In so doing, the judge stated as follows:
"I think that sometimes in this system that we are in, we lose track,all of us, of what the reasons that we are here for. This Court viewsthe reason for the system is to do justice, and in reviewing this case,the Court was troubled by many problems in this case, among which werethe lawyers.
 There was [sic] allegations of the lawyers and their competency [sic],and I know we have a suspended or disbarred lawyer involved in this.
 There have been a lot of things alleged that happened, that did nothappen, that should have happened at the trial, but the bottom line is,that this man has done seven years for which the Court feels justice hasbeen served.
 The motion to reconsider is granted. I'm going to grant Mr. Wells shockprobation on the following conditions. * * *"
 The conditions are that he obtain employment, that he do a hundredhours of community work service. I'm going to have him enroll in theanger management program, and successfully complete that program. I'mgoing to suspend all court costs. All right. That's it."
 {¶ 6} Although not mentioned at the hearing, the journal entry memorializing this ruling provided for a term of one year of probation. Wells was released on a $1,000 recognizance bond, pending the resolution of this appeal by the State.
 {¶ 7} The State, under R.C. 2945.67, sought leave to appeal this ruling, which we granted. It appeals on three grounds;[3] (1) that under former R.C. 2947.061(B), a judge may entertain only one motion for shock probation, and is without jurisdiction to consider any subsequent motion for shock probation, (2) that motions to reconsideration of motions after the issuance of a final order in a criminal case are a nullity, as are any rulings made thereunder and, (3) that it was impermissible to grant Wells' oral motion for shock probation without considering a pre-sentence investigation report, as mandated by R.C.2951.03.[4]
 {¶ 8} Under former R.C. 2947.061(B), applicable to Wells' 1995 offenses:
"Subject to sections 2951.02 to 2951.09 of the Revised Code and notwithstanding the expiration of the term of court during which the defendant was sentenced, the trial court, upon the motion of the defendant, may suspend the further execution of the defendant's sentence and place the defendant on probation upon the terms that, consistent with all required conditions of probation prescribed by division (C) of section 2951.02 of the Revised Code, the court determines, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a state correctional institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction. A defendant shall not file more than one motion pursuant to this division for each sentence imposed upon the defendant, and the court shall deny, without hearing, any motion not authorized by this division or prohibited by this division. * * *"
 {¶ 9} R.C. 2947.061 must be strictly construed because it provides for a special statutory procedure,[5] and R.C. 2947.061 grants the trial judge limited jurisdiction to suspend execution of a sentence which must also be strictly construed.[6] "* * * [T]he courts of common pleas `do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute.' * * *"[7] Once execution of a sentence has been commenced by delivering a defendant into a state penal institution, a trial court has no authority to modify the sentence except as provided by statute.[8]
Once this jurisdiction lapses, the General Assembly has vested exclusive statutory authority to grant relief from a valid sentence to only the executive branch of government.[9]
 {¶ 10} Ohio courts of appeal have ruled consistently and repeatedly that an offender may file one motion for shock probation, and that a judge must deny any subsequent motion for shock probation.[10]
Wells' oral request for shock probation was simply a second motion for shock probation, which the judge, under R.C. 2947.061(B), was statutorily required to deny.
 {¶ 11} Although at oral argument the State conceded its first and second assignments of error to be without merit because Wells' October 1996 motion for shock probation was "premature," and that the oral motion in 2002 was the first valid motion for shock probation, we do not agree. We find the October 4, 1996, motion was filed more than six months after Wells entered the custody of the Ohio Department of Rehabilitation and Correction and not "premature."
 {¶ 12} It is facially apparent that the judge did not grant Wells' shock probation based on a reconsideration of his prior, 1996 motion requesting such a possibility. He simply granted a second request for shock probation, upon oral motion at the December, 2002, hearing — a hearing which was set to decide whether Wells should be entitled to a new trial. If the judge, who did frame his ruling in terms of granting a "motion to reconsider," meant that he was granting Wells' motion for a new trial, it is apparent that the proper course in such a case would have been to re-calendar the case for trial, not to announce the grant of probation with the stated conditions as ordered.
 {¶ 13} However well-intentioned, it was improper for the judge to entertain a second motion for shock probation. It could not be granted and the order granting shock probation must be vacated. Based on our disposition of the State's first assignment of error, the second and third assignments of error are rendered moot.
 {¶ 14} We vacate the order granting shock probation, and order that Wells be remanded to continue serving his prison sentence.
APPENDIX A: The State's Assigned Errors.
 {¶ 15} "I. A Trial Court Lacks Jurisdiction To Entertain More Than One Motion For Shock Probation Under R.C. 2947.061(B)."
 {¶ 16} "II. A Trial Court Lacks The Jurisdiction To Reconsider A Final Decision Overruling A Motion For Shock Probation Under The Specific Language Of R.C. 2947.061(B), Because Such Relief Is Not Available Under The Rules Of Criminal Procedure, And Because Motions For Reconsideration Are A Nullity In Civil Litigation."
 {¶ 17} "III. A Trial Court Lacks Jurisdiction To Grant Shock Probation Unless And Until It Considers A Written Investigation Report."
ANN DYKE, J., concurs.
MICHAEL J. CORRIGAN, P.J., concurs in judgment only.
[1] State v. Wells (Mar. 13, 1997), Cuyahoga App. No. 70534.
[2] State v. Wells (Oct. 22, 1998), Cuyahoga App. No. 73481.
[3] The assignments of error are set forth in Appendix A.
[4] Indeed, at sentencing, the judge overruled a motion by Wells to have a pre-sentence investigation report prepared. Although not in this record, a pre-sentence investigation report may have been prepared before the 1996 shock probation hearing.
[5] State v. Smith (1989) 42 Ohio St.3d 60, 61, State v. Ellington
(1987), 36 Ohio App.3d 76, 77.
[6] State v. Smith, supra, State v. Woods, (Oct. 3, 1991), Cuyahoga App. Nos. 59109, 59110 and 59111.
[7] State v. Sargent (Sept. 23, 1994), Mahoning App. No. 92 C.A. 124, citing, State v. Smith (1989), 42 Ohio St.3d, at 61, Municipal Court v.State, ex rel. Platter (1933), 126 Ohio St. 103.
[8] State v. Smith, supra, State v. Woods, supra, State v. Addison
(1987), 40 Ohio App.3d 7, 10.
[9] State v. Glaude (Jan. 16, 1992), Cuyahoga App. No. 61576, citingState v. Brown, (Feb. 20, 1991), Hamilton App. No. C-900007.
[10] State v. Hoskins (Mar. 16, 2001), Montgomery App. No. 18516, Statev. Sargent, supra, State v. Lentz (Aug. 8, 1997) Miami App. No. 97 CA 11, State v. Brady, (Jan. 29, 1997), Summit App. No. 17750. State v.Garcia (May 2, 1995), Franklin App. No. 94-APA11-1646, State v. Kalvitz
(June 6, 1991) Cuyahoga App. No. 60852, State v. Minor, (Nov. 8, 1989) Cuyahoga App. No. 57300, State v. Reid (1989), 65 Ohio App.3d 330,331-332.