OPINION
{¶ 1} Defendant-appellant, Stephen H. Coursey, appeals from a judgment of the Franklin County Court of Common Pleas denying his November 7, 2006 motion for modification of sentence. Defendant assigns a single error:
 The trial court abused its discretion when it overruled the appellant's motion for sentence modification.
Because the trial court properly denied defendant's motion, we affirm.
 {¶ 2} By indictment filed November 30, 2000, defendant was charged with one count of aggravated robbery, two counts of robbery, and one count of kidnapping, each *Page 2 
with a specification pursuant to R.C. 2941.145. Although defendant initially pleaded not guilty to the charges, he changed his plea to guilty to one count of aggravated robbery in violation of R.C. 2911.01
with a firearm specification. In the guilty plea, he acknowledged the maximum prison term for aggravated robbery was ten years, with an additional three years on the specification. On July 23, 2001, the trial court sentenced defendant to eight years on the aggravated robbery charge, plus three additional consecutive years of actual incarceration for the firearm specification.
 {¶ 3} On November 7, 2006, defendant filed a "Motion for Modification of Felony Sentence." In it, defendant contended the court should modify his sentence because "the offense was not more serious than conduct normally constituting the offense of Aggravated Robbery," as neither he nor his accomplice caused any harm to the victim. (Motion, at 2.) Defendant further pointed out that he "made some significant advances since his incarceration," noting he obtained his G.E.D., is a certified tutor, completed several programs under the heading of theological studies, and completed 1,700 hours in an Ohio Penal Industries Print Shop Apprentice Program. Id. As additional grounds for granting the motion, defendant stated he not only would be continuing his work in the print shop, but would be enrolling as a student at Hocking College in November 2006. Finally, defendant contended he was entitled to relief because he "has developed tremendously over the past five years. His sense of morality serves to regulate his conduct and there is not a possibility that he will re-offend in the future." Id.
 {¶ 4} The state filed a memorandum in opposition to defendant's motion, asserting (1) R.C. 2929.20 disqualifies defendant from judicial relief, and (2) the court lacked general authority to reconsider its own judgment after the defendant began serving *Page 3 
any part of his sentence. In a reply memorandum, defendant conceded he is ineligible for relief under R.C. 2929.20. He nonetheless contended that even though a trial court may be prohibited from increasing a lawful sentence once the defendant has begun serving it, the same principle does not preclude a trial court from decreasing a lawful sentence that has been executed. By decision and entry filed December 6, 2006, the trial court denied defendant's motion. On appeal, defendant contends the trial court abused its discretion when it overruled his motion for sentence modification.
 {¶ 5} As the common pleas court properly observed, it does "not have inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute." State v.Smith (1989), 42 Ohio St.3d 60, paragraph one of the syllabus; State v.Addison (1987), 40 Ohio App.3d 7, 9 (stating that "[o]nce a sentence has been executed, the trial court no longer has the power to modify the sentence except as provided by the legislature"). Even then, because suspending a sentence is a special statutory procedure, the statutory terms must be strictly construed. Smith, supra.
 {¶ 6} The only pertinent authorizing statute in this case is R.C.2929.20, and it allows a trial court to reduce a felony prison sentence only under certain circumstances. To be eligible for judicial release under R.C. 2929.20, a defendant must be an "eligible offender." R.C.2929.20(A). An "eligible offender" is a person "serving a stated prison term of ten years or less" when either (1) "[t]he stated prison term does not include a mandatory prison term," or (2) "[t]he stated prison term includes a mandatory prison term, and the person has served the mandatory prison term." R.C. 2929.20(A)(1) and (2). A "stated prison term" is "the prison term, mandatory prison term, or combination of all *Page 4 
prison terms and mandatory prison terms imposed by the sentencing court * * *." R.C. 2929.01(GG).
 {¶ 7} Defendant's stated prison term in this case is 11 years: eight years on the aggravated robbery charge and three consecutive years of actual incarceration on the gun specification. Because defendant's sentence exceeds ten years, he in not an eligible offender, leaving the court without authority to reduce his sentence. R.C. 2929.20(B) (stating that "[t]he court shall not reduce the stated prison term of an offender who is not an eligible offender").
 {¶ 8} In an effort to circumvent the governing statutory and common law, defendant suggests the Supreme Court of Ohio in State v.White, 103 Ohio St.3d 580, 2004-Ohio-5989 addressed an analogous situation when it determined whether costs may be collected against indigent defendants. In deciding the issue, the court noted the absence of statutory authority and reasoned that the General Assembly neither explicitly prohibited nor explicitly required collection of costs from indigent defendants. Under those circumstances, White determined the court was "therefore left to infer from this silence that collection from indigent defendants is merely permissive." Id. at ¶ 14. Defendant asserts that the "same silence" allows the trial court here to retain jurisdiction over a commenced sentence, as "there is no explicit prohibition or allowance of sentence modification" since R.C. 2929.51
was repealed. (Defendant's brief, at 3.) Defendant in essence argues that "in the absence of statutory authority, the modification of a commenced sentence is `merely permissive.'" Id.
 {¶ 9} Contrary to defendant's contentions, the legislature has not been silent on the issue of sentence modification. Rather, the statute specifically provides the trial court *Page 5 
shall not reduce the stated prison term of an offender who is not an eligible offender. In the face of such specific language, the trial court had no discretion to reduce defendant's sentence. In the final analysis, because defendant is not an eligible offender under R.C.2929.20, the trial court properly denied his motion.
 {¶ 10} Accordingly, defendant's single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 1